Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Donald F. Hart, Sr., Appellant.

Argued October 10, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Peter J. Pinnola,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, December 8, 1975:

In this appeal, Donald F. Hart, Sr. (claimant) contests an order of the Unemployment Compensation Board of Review (Board) denying, as untimely, his appeal from a referee's adverse ruling on the merits of his petition for unemployment compensation.

The record reveals that on Friday, June 7, 1974, a referee's decision, which denied claimant's petition for benefits, was mailed to claimant at his Philadelphia address. On Wednesday, June 19, 1974, twelve days later, claimant filed an appeal to the Board from that decision. That appeal was therefore filed two days beyond the ten-day limitation on appeals established by Section 502 of the Unemployment Compensation Law.[1]

Claimant has conceded before this Court and before the Board the untimeliness of his appeal. Nevertheless, he has urged us to permit his appeal because he was allegedly misled by the wrongful conduct of the administrative authorities. We note that the law does provide for a waiver of the limitation period if a claimant presents adequate excuse for his delay. *See Gill Unemployment Compensation Case,* 165 Pa. Superior Ct. 605, 70 A. 2d 422 (1950). However, claimants carry a heavy burden in these cases and are required to prove more than mere hardship. Proof of fraud or its equivalent, *i.e.,* wrongful or negligent conduct of the administrative authorities, is required. *Kitchell v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 149, 305 A. 2d 728 (1973).

After a hearing on the claimant's allegations of administrative wrongful conduct, the Board issued the following findings of fact in support of its decision:

"1.   On June 7, 1974, the Referee issued a decision which denied benefits to the claimant under Section 402(e) of the Law.

---

1.   Act of December 5, 1936, Second Ex. Sess., P. L. [1937] 2897, *as amended,* 43 P.S. §822.

"2. A copy of this decision was mailed to the claimant at his address of record with the Bureau and was received by the claimant within the statutory appeal period.

"3. Instructions accompanying the decision informed the claimant that he had until June 17, 1974 to file a timely appeal.

"4. The claimant did not file an appeal by June 17, 1974 but waited until June 19, 1974, which was after the expiration of the statutory appeal period.

"5. The claimant was not misinformed or misled by the local office regarding his right of appeal."

Claimant attacks findings 3 and 5 as not being supported by substantial evidence in the record and therefore as not being capable of upholding the decision of the Board. While at first reflection this argument seems persuasive, we nevertheless do not feel compelled to reverse the Board. After carefully reading the record, we conclude that the Commonwealth presented no evidence that would support the positive assertions of findings 3 and 5. However, it was not incumbent upon the Board to present any affirmative evidence during the hearing. As we noted before, claimants, not the Board, carry an extremely heavy burden of proof in their attempts to be exempted from the limitations provisions. A long line of cases has clearly prescribed the very limited circumstances considered by the courts in waiving the limitations period and the extremely heavy burden placed on a claimant to put into the record substantial proof of the meeting of these circumstances. *See, e.g., Sanabria v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 42, 317 A.2d 56 (1974); *Kitchell v. Unemployment Compensation Board of Review, supra; Ferretti Unemployment Compensation Case,* 195 Pa. Superior Ct. 234, 171 A. 2d 594 (1961); *Marshall Unemployment Compensation Case,* 177 Pa. Superior Ct. 259, 111 A. 2d 165 (1955); *Tuttle Unemployment Compensation Case,* 160 Pa. Superior Ct. 46, 49 A. 2d 847 (1946).

Our careful reading of the record convinces us that claimant has not met this burden. Although findings 3 and 5 are not supported by affirmative evidence presented by the Board, they are supported by the well-established presumption of the regularity of the acts of public administrative officials. *See Fox v. Pennsylvania Securities Commission*, 17 Pa. Commonwealth Ct. 72, 328 A.2d 573 (1974). Though claimant did present some testimony relative to the questioned findings, the Board, which is the trier of facts, chose not to accept this testimony as credible. The weighing of testimony is the true function of the Board, and its findings are conclusive in the absence of fraud. *Gensheimer v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 62, 317 A. 2d 350 (1974). The Board was empowered to reject even the uncontradicted evidence of claimant if it could conclude that his testimony was not credible or worthy of belief. *See Edelman v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 275, 310 A. 2d 707 (1973). We therefore find no error in the Board's failure to accept the claimant's testimony or in its findings of fact contrary to claimant's testimony.

Additionally, we note that findings 3 and 5 are in essence merely negative statements presented to show that the Board has recognized the issues yet feels that claimant has failed to prove the allegations that he has raised.[2] They are not needed to support the decision, as it is clear that findings 1, 2, and 4, standing alone, legally constitute sufficient findings of fact, well-supported in the record, to validate the Board's legal conclusion of untimeliness. The mere negative answers to claimant's two un-

---

2. For example, finding 3 would have been more appropriately worded: "Claimant failed to establish that he did not receive any instructions accompanying the referee's order." We see no need to remand this case for the Board merely to restructure the wording of its findings.

supported assertions in findings 3 and 5 do not invalidate the Board's decision. We therefore issue the following

ORDER

AND NOW, this 8th day of December, 1975, the appeal of Donald F. Hart, Sr., from the order of the Unemployment Compensation Board of Appeal (Decision No. B-123552) is hereby dismissed.