Thomas H. Reed, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1979, before Judges MENCER, DiSALLE and MacPHAIL, sitting as a panel of three.

No appearance for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, October 16, 1979:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board), affirming the referee's dismissal of Claimant's appeal, which was filed after the statutory appeal period,[1] from determination by the Bureau of Employment Security (Bureau).[2]

On October 21, 1977 the Bureau determined that pursuant to Section 402(e) of the Law, 43 P.S. §802 (e), Claimant was ineligible for benefits due to wilfull misconduct and that he had received a fault overpayment under the provisions of Section 804(a) of the Law, 43 P.S. §874(a). The Bureau sent two Notices of Determination to the Claimant, each of which stated that the last day to file an appeal was November 7, 1977. However, Claimant did not appeal the Bureau's decision until November 30, 1977.

When Claimant filed his appeal from the Bureau's determination, he was notified that his appeal was not timely, but that he had the right to a hearing before a referee for a determination of the timeliness of the appeal issue. Claimant requested such a hearing. At the hearing, Claimant testified that he hadn't read that part of the Notice of Determination which informed him when the appeal period expired. After the

---

[1] Section 501(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897. *as amended,* 43 P.S. §821(e), provides for a 15 day period for appeals.

[2] Now Office of Employment Security. *See* 9 Pa.B. 2879 (1979).

hearing, the referee dismissed Claimant's appeal and the Board affirmed, holding that the appeal was not timely filed. This appeal followed.

Neither Claimant's Petition for Review nor his brief (both of which were filed pro se) discussed the issue of the timeliness of the appeal. Rather, Claimant addresses the issue of whether theBureau ruled correctly when it denied Claimant's application for benefits.

Although Pa. R.A.P. 2116 ordinarily prohibits us from addressing any issue not raised in the statement of questions involved or suggested thereby in the Petition for Review, we will, nevertheless, decide whether the Board ruled correctly on the issue of the timeliness of the appeal. Claimant admits, as he must, that his appeal was filed more than 15 days after the due date. As we have noted, his only excuse for the late filing is that he didn't read the information set forth on the Bureau's Notices of Determination regarding the allowable appeal period. Our Court has held that the appeal period is mandatory and that Claimant has an extremely heavy burden to put into the record substantial proof of circumstances which would warrant an exception to the usual rule that an appeal is foreclosed when it is not timely filed. *Unemployment Compensation Board of Review v. Hart,* 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975). Our examination of the record in this case discloses that Claimant's testimony falls far short of meeting that burden.

Order affirmed.

## Order

And Now, this 16th day of October, 1979, the order of the Unemployment Compensation Board of Review dated January 31, 1978, is affirmed.