Denise Domanico, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1979, before Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel of three.

*Joseph D. Montgomery, III,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 16, 1980:

Denise Domanico, petitioner, appeals from the September 13, 1978 decision of the Unemployment Compensation Board of Review (board), which dismissed her appeal from a ruling of ineligibility as untimely.

The sole issue is the timeliness of petitioner's appeal to the board.

The board found that a decision denying benefits to petitioner was issued on October 6, 1977, that notice of this decision was mailed to petitioner at her last known address, and that the notice was not returned as undeliverable. The notice form stated that, under Section 501(e) of the Pennsylvania Unemployment Compensation Law (Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §821 (e)) an appeal of the determination had to be filed by October 21, 1977, which was fifteen days after the decision.

Petitioner appealed to the board on November 16, 1977, almost four weeks after the appeal period expired on October 21. Her claim is that her appeal should have been allowed because she entered it immediately after she became aware of the October 6 decision.

The law is clear that courts are without power to extend the time beyond which appeals are disallowed. *Luckenbach v. Luckenbach,* 443 Pa. 417, 281 A.2d 169 (1971). Claimants bear the heavy burden of putting into the record substantial proof as to the limited circumstances in which the time limit may be waived, such as the wrongful or negligent conduct of official persons. *Unemployment Compensation Board of Review v. Hart,* 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975).

Because of the well-established presumption of the regularity of acts of public administrative officials, *Hart, supra,* we cannot hold that the findings of the board are unsupported by substantial evidence in the record. Although petitioner made some attempts to controvert that presumption, the board is empowered to reject even uncontradicted testimony as not credible or as insufficient to meet the burden required. Even the fact that Bureau personnel did not give petitioner a separate notice of the determination, when she reported to the office once between October 6 and November 16, does not establish official negligence or wrong.

We find no error in the decision of the board; therefore we affirm.

## ORDER

AND Now, this 16th day of January, 1980, the September 13, 1978 decision of the Unemployment Compensation Board of Review is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.