Trans-Eastern Inspection, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

Stephen P. McCloskey, Phillips and Faldowski, for petitioner.

William J. Kennedy, Assistant Attorney General, with him Richard Wagner, Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, October 15, 1980:

Employer Trans-Eastern Inspection, Inc. petitions for review of the decision of the Unemployment Compensation Board of Review dismissing as untimely its appeal from the Bureau of Employment Security's allowance of interstate benefits to claimant Gerald R. Christiansen, awarded August 9, 1978.

Pursuant to Section 501(e) of the Unemployment Compensation Law,[1] the employer had fifteen days—until August 28, 1978—to file an appeal from that award. Employer's letter to the bureau appealing the award was dated August 22, 1978, but the bureau's Notice of Interstate Appeal recited the date of receipt as September 5, 1978.

Hearings were held before two referees, the first in Virginia, where the claimant testified, and the second in Pennsylvania, where the employer's president testified.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §821(e). The appeals period set by this statute has been held mandatory, leaving a court no power to extend the time. Luckenbach v. Luckenbach, 443 Pa. 417, 281 A.2d 169 (1971).

The envelope bearing the postmark date of the appeal[2] was unavailable for inspection by either the referee or the board. The employer has not offered any other evidence of the date of mailing, and has not contradicted the bureau's evidence as to date of receipt.

The employer's president testified that "the appeal could have been late, due to the fact that the people who are responsible for this type of stuff were out of town and not back in town to get it out timely, as required."

Despite this statement and an absence of evidence to prove administrative error, the referee found that "the employer's petition for appeal is deemed timely filed," and ordered the bureau's award of benefits reversed.

The board found that the notice informed the employer that August 24, 1978 was the last day on which to file an appeal, that the appeal was received by the bureau on September 5, 1978, and that the employer was not misled or misinformed by the bureau as to the right of appeal or the filing date; hence the board vacated the referee's decision and dismissed the appeal.

The employer argues that it is being penalized by the bureau's negligence in allegedly misplacing the envelope bearing the postmark date of the appeal. However, its failure to establish any evidence of administrative irregularity necessarily restricts our consideration of that issue. The party asserting the appeal has the burden of presenting evidence that fraud or its

---

[2] Pursuant to Section 203(d), Unemployment Compensation Law, 43 P.S. §763(d), specific rules of practice and procedure regarding appeals filed by mail have been adopted by the board. The following rule at 34 Pa. Code §101.82(d) states:

(d) The date of initiation of an appeal delivered by mail, either on the prescribed appeal form or by any form of written communication, shall be determined from the postmark appearing on the envelope in which the appeal form or written communication was mailed.

equivalent caused the failure to appeal on time. *Domanico v. Commonwealth,* 48 Pa. Commonwealth Ct. 511, 409 A.2d 1201 (1980); *Unemployment Compensation Board of Review v. DeVictoria,* 24 Pa. Commonwealth Ct. 143, 353 A.2d 920 (1976).

No evidence whatsoever appears in the record to support the referee's decision to "deem" the appeal as timely filed. The employer's witness testified that it could have been late. Therefore, we cannot hold on this record that the board capriciously disregarded competent evidence in concluding that the referee and board lacked jurisdiction on the basis that the appeal was filed late.

Accordingly, we affirm the order of the board.

### ORDER

AND Now, this 15th day of October, 1980, the order of the Unemployment Compensation Board of Review (B-78-99-A-1974) dated July 3, 1979 is affirmed.