George Allison, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*George Allison,* petitioner, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 26, 1981:

In this unemployment compensation appeal, the claimant[1] questions the board's[2] affirmance of a referee's decision dismissing his appeal, from a redetermination of his benefit rate, as untimely.[3]

On December 8, 1977, the Office of Employment Security had revised the claimant's benefit rate and thereupon issued notice of the redetermination. That notice specified that the last day for an appeal was December 23, 1977; the claimant did not appeal until May 16, 1979, almost seventeen months later.

The claimant nevertheless urges that we allow his appeal. To obtain such an allowance, the claimant must prove more than mere hardship; proof of fraud or its equivalent, *i.e.,* wrongful or negligent conduct

---

[1] George Allison.

[2] Unemployment Compensation Board of Review.

[3] Section 501(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §821(e), provides that appeals from determinations by the office must be taken "within fifteen calendar days after such notice was delivered ... or was mailed to ... [claimant's] last known post office address."

of the administrative authorities, is required. *Unemployment Compensation Board of Review v. Hart,* 22 Pa. Commonwealth Ct. 225, 348 A:2d 497 (1975). Where notice is mailed to a claimant's last known address and not returned by the postal authorities as undeliverable, the claimant is presumed to have received it and is barred from attempting to appeal after the expiration of the appeal period. *Mihelic v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 546, 399 A.2d 825 (1979).

The claimant contends that he did not receive the redetermination notice until December 30, 1977, after the stated appeal time had passed, and that he therefore felt that any efforts on his part would be to no avail. In contrast, the claimant's May 16, 1979 appeal stated, "[i]t has just come to my attention that the compensation I was receiving in benefits year November 13, 1977 thru November 11, 1978 was not correct. *The reason for not filing sooner was that I did not realize the error.* I am requesting a hearing." (Emphasis added.)

In view of that inconsistency, the claimant has failed to establish that any wrongful or negligent conduct of the agency was the cause of his failure to appeal in time. *Domanico v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 511, 409 A.2d 1201 (1980); *Unemployment Compensation Board of Review v. Hart, supra.*

Accordingly, we affirm the board's decision.

### ORDER

AND NOW, this 26th day of January, 1981, the July 20, 1979 decision of the Unemployment Compensation Board of Review, at No. B-174254, dismissing the appeal of George Allison, is affirmed.