EMPLOYMENT SECURITY COMMIS-
SION OF WYOMING, Appellant
(Appellee/Respondent),

v.

Murray A. YOUNG, Appellee
(Appellant/Petitioner).

No. 85–120.

Supreme Court of Wyoming.

Jan. 22, 1986.

Karen A. Byrne, Sp. Asst. Atty. Gen., Casper, for appellant.

Allen Gardzelewski, Laramie, for appellee.

Before THOMAS, C.J., and ROSE,* ROONEY,** BROWN and CARDINE, JJ.

ROONEY, Justice.

The Employment Security Commission of Wyoming (Commission), appellant, appeals

---

* Retired November 1, 1985.

** Retired November 30, 1985.

from an order of remand by which the district court reversed an administrative decision of the Commission with direction to reinstitute the internal appeals process at the administrative level. The Commission had refused to review the decision of an examiner of the Commission on the basis that the appeal therefrom was not timely. In its opinion letter, the district court stated that it

" * * * will resolve the factual dispute in this case [timeliness of the appeal to the Commission] in favor of the Appellant [worker] because of the importance of affording the Appellant a decision by the highest level of the Employment Security Commission *on the merits.* * * * " (Emphasis in original.)

We reverse.

On September 4, 1984, an examiner of the Commission conducted a hearing on appellee's contention that his resignation from employment by Centennial Valley Trading Post was for cause, whereby he was entitled to employment benefits. A decision letter was dated September 14, 1984. Appellee called the Commission on October 5, 1984, and said he did not receive a copy of the decision letter. Another copy was mailed to him on that date. Appellee appealed the decision to the Commission on October 11, 1984. The Commission's refusal to accept a review of the examiner's decision was predicated on the fact that appellee had not filed his appeal within ten days of September 14, 1984. Appellee contends the appeal to have been timely filed within ten days of October 5, 1984.[1] The factual dispute referred to by the district court is whether the notice was mailed on September 14, 1984.

The standard under which we review the trial court's finding relative to agency ac-

tion was set forth in *Board of Trustees of School District No. 4, Big Horn County v. Colwell,* Wyo., 611 P.2d 427 (1980). We there noted that § 9-4-114(c), W.S.1977 (now in § 16-3-114, W.S.1977 (October 1982 Replacement)), was changed in 1979 to provide a review of administrative action on the basis of the "whole record." Section 16-3-114(c) reads:

"To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

"(i) Compel agency action unlawfully withheld or unreasonably delayed; and

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

"(B) Contrary to constitutional right, power, privilege or immunity;

"(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

"(D) Without observance of procedure required by law; or

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

And we said in *Board of Trustees of School District No. 4, Big Horn County v. Colwell,* 611 P.2d at 429:

"Notice of the tribunal's decision shall be given promptly to the interested party by delivery or by mail to his last known address of record. The notice shall include a copy of the decision and the findings and conclusions in support of the decision. The decision is final unless further review is initiated pursuant to W.S. 27-3-404."

---

1. Section 27-3-404(a), W.S.1977 (June 1983 Replacement), provides in pertinent part:

"(a) The commission may within ten (10) days after notice is mailed or delivered:

* * * * * *

"(ii) Review a determination of a special examiner; * * * "

Section 27-3-403(c), W.S.1977 (June 1983 Replacement), provides:

"* * * Under this standard, we do not examine the record only to determine if there is substantial evidence to support the Board's decision, but we must also examine the conflicting evidence to determine if the Board could reasonably have made its findings and order upon all of the evidence before it. After reviewing the history and rationale in changing the 'substantial evidence' rule in the Wagner Act to the 'whole record' provision of the Federal Administrative Procedure Act (similar to present provisions of § 9-4-114(c)), the consideration is stated in *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951), and quoted in *National Labor Relations Board v. Walton Manufacturing Company*, 369 U.S. 404, 405, 82 S.Ct. 853, 854, 7 L.Ed.2d 829 (1962):

> "' * * * the "reviewing court is not barred from setting aside a Board decision when it cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light .that the record in its entirety furnishes, including the body of evidence opposed to the Board's view," it may not "displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo.*"
> * * * ' "

■ Accordingly, contrary to that done in usual appeals where we consider only the evidence favorable to the prevailing party, we here review all of the evidence to determine if the evidence was sufficient to support the finding, and we review it to determine if it is sufficient to support the findings *of the agency.*

The evidence on the question of mailing of the notice on September 14, 1984, consisted of a document from the Commission's records titled "Transmittal of Decision." It reflected that it was mailed to appellee at Post Office Box 234, Centennial, WY 82055 on September 14, 1984. It recited that a copy of the decision was enclosed, that it would become final unless a written appeal was filed within ten days, and that the local Job Service Center would assist in preparing the appeal, if desired. It contained a distribution code which reflected that it was sent to "Claimant." All of this was in accordance with the office or business custom or usage of the Commission. It is more than a mere assertion that the notice was mailed.

■ The Commission's record also contained a handwritten notation that appellee telephoned on October 5, 1984, and contended that he did not receive the notice, that he acknowledged his correct address to be "P.O. Box 234, Centennial, WY 82055," and that additional copies of the first mailing were again mailed. There was nothing to indicate that the first mailing was returned to the sender, and appellee acknowledged receipt of the second mailing. The records of the Commission, and its routine, custom and usage, evidenced the fact of the mailing of the notice on September 14, 1984. The only evidence to support the contrary contention that it was not *mailed* was appellee's statement that he did not *receive* it. In

> " * * * matters such as the mailing of routine letters in an office where a very large number of such letters are customarily mailed in the due course of its business, and that proof of the custom and the fact that a carbon copy was found without the original in the place and under the circumstances where it would have been found, if the original had been mailed, is sufficient, in the absence of evidence to the contrary, to support a finding that the original had been properly mailed. * * * " *Consolidated Motors v. Skousen,* 56 Ariz. 481, 109 P.2d 41, 43, 132 A.L.R. 1040, cert. denied 314 U.S. 631, 62 S.Ct. 64, 86 L.Ed. 507 (1941). "Because of the well-established presumption of the regularity of acts of public administrative officials, [*Unemployment Compensation Board of Review v.*] *Hart,* [22 Pa.Cmwlth. 225, 348 A.2d 497 (1975)], we cannot hold that the findings of the board are unsupported by

substantial evidence in the record. Although petitioner made some attempts to controvert that presumption, the board is empowered to reject even uncontradicted testimony as not credible or as insufficient to meet the burden required. * * " *Domanico v. Commonwealth, Unemployment Compensation Board of Review*, 48 Pa.Cmwlth. 511, 409 A.2d 1201, 1202 (1980).

The business custom and usage of the Commission which would result in the mailing of the notice are sufficient to establish the fact of such mailing absent evidence to the contrary other than a bald statement that it was not received. *Good v. Detroit Automobile Inter-Insurance Exchange*, 67 Mich.App. 270, 241 N.W.2d 71 (1976).

However, appellee argues further. He contends that he did not *receive* the notice, even if mailed, and that failure to do so with the resulting loss of a right to a hearing deprived him of due process of law. Again, the validity of this contention is dependent upon the factual question of whether or not the notice was received. Appellee's statement that it was not is the only evidence to support the fact of nonreceipt. The fact that it was mailed (see supra) is the only evidence to support the fact of receipt.

■ A rebuttable presumption exists that delivery of mail matter occurs when it is properly addressed, stamped and mailed. *Legille v. Dann*, 544 F.2d 1, 178 U.S.App. D.C. 78 (D.C.Cir.1976); *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932). The presumption is based upon the probability that the postal service performs its duty in transmitting and delivering the mail. *Roshek Realty Company v. Roshek Brothers Company*, 249 Iowa 349, 87 N.W.2d 8 (1957); *Landover Associates Limited Partnership v. Fabricated Steel Products, Inc.*, 35 Md.App. 673, 371 A.2d 1140 (1977).

Appellee's unsupported and uncorroborated statement of nonreceipt is some evidence toward establishing a finding contrary to the presumption, but the necessity for a factual determination of the question still exists.

" * * * For example, in the case of the presumption of receipt of a letter, referred to above, the defendant may destroy the presumption by denying receipt. Nevertheless, a jury question is presented, not because of the presumption, but because of the natural inference flowing from the plaintiff's showing that he had mailed a properly addressed letter that was not returned." McCormick on Evidence § 345, p. 821 (2nd Ed. 1972).

■ In this case, the fact of delivery was found by the agency. The inference and appellee's statement represent two fairly conflicting views. Thus, we may not " ' "displace the Board's choice," ' " (see quotation from *Board of Trustees of School District No. 4, Big Horn County v. Colwell*, supra).

■ The Commission's authority is set by statute. Section 27–3–404(a), supra note 1, authorizes the review requested here to be "within ten (10) days after notice is mailed or delivered." Such authorization is just as mandatory and jurisdictional as is a timely filing of a petition for review of an administrative action by a district court, *Stagner v. Wyoming State Tax Commission*, Wyo., 642 P.2d 1296 (1982), or as is a timely filing of a notice of appeal to this Court, *Bosler v. Morad*, Wyo., 555 P.2d 567 (1976). See *Department of Revenue and Taxation v. Irvine*, Wyo., 589 P.2d 1295 (1979).

Reversed.

ROSE, Justice, dissenting.

I would affirm the trial court by adopting the same reasoning employed by the trial judge when he said in his opinion letter:

"The case presents a clear factual dispute: A decision of the appeals examiner for the Employment Security Commission was reached adversely to the Appellant. 'The Transmittal of Decision' notice was dated September 14, 1984. The notice contained a recital that the 'Date

Notice Mailed' was September 14, 1984. The appeals examiner attested that the date of mailing was, in fact, September 14, 1984. Appellant claims he did not receive 'notice' until October 10, 1984. He produces an envelope containing a notice which bears a postmark of October 5, 1984. He claims that this mailing constituted his first notice of the adverse decision. He filed his Notice of Appeal on October 11, 1984, which was within the 10 day period from his notice of the adverse decision, thus Appellant claims he is timely.

"The Court will resolve the factual dispute in this case in favor of the Appellant because of the importance of affording the Appellant a decision by the highest level of the Employment Security Commission *on the merits.* The law clearly favors resolution of disputes on the merits. * * * "

I would have remanded to the Employment Security Commission for reinstitution of the internal-appeals process at the administrative level.