Eddie G. BEDDOW,
Appellant (Claimant),

v.

EMPLOYMENT SECURITY COMMISSION OF WYOMING, Appellee (Respondent),

and

Wind River Land & Livestock, dba Best Packing, Appellee (Employer).

No. 85–270.

Supreme Court of Wyoming.

April 22, 1986.

Sky D. Phifer, Lander, for appellant.

Karen A. Byrne, Asst. Atty. Gen., Casper, Donald Legerski, Lander, for appellees.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Eddie Beddow, an ex-employee of a Lander, Wyoming, packing plant, appealed a denial of an unemployment compensation claim by petition for review to the district court as then certified for review to this court, which denial is now affirmed.

We consider if

" * * * the finding of the Employment Security Commission that Claimant quit his most recent employment without 'good cause' [is] unsupported by the evidence and contrary to law."

Sequentially, Beddow, a 22-month packing employee, quit November 23, 1984, although thereafter he worked part time at the plant on an apparently irregular basis. On March 18, 1985, an unemployment com-

pensation claim was filed, and was then protested by the employer based upon voluntary employee termination without good cause. The agency denied the claim, which denial was appealed for hearing before an appeals examiner who affirmed the denial by written determination, with findings and conclusions, on June 3, 1985. Subsequent appeal was taken to the Wyoming Employment Security Commission, which, by hearing held July 22, 1985, affirmed the hearing examiner's decision and adopted his findings and conclusions by reference. Appeal was then taken to the district court, which certified to this court without consideration.[1]

The hearing examiner, W.O. Kuhn, included the following in his decision document:

"The claimant appealed from the Deputy's redetermination which disqualified him for benefits effective March 17, 1985, on the grounds that he voluntarily left his most recent employment without good cause attributable to the employment and not for bona fide medical reasons.

\* \* \* \* \* \*

"During the last six weeks of the claimant's employment, he worked part-time only because of his desire to pursue an avocation of trapping. Although the claimant may have been dissatisfied with working conditions, and safety conditions he failed to pursue his concern through the proper channels. There were no unusual sanitary violations at the employer's place of business. The claimant voluntarily quit work without good cause attributable directly to the employment and not for bona fide medical reasons

---

1. The appeal in this case essentially involves no question of law and presents only a question of the sufficiency of the evidence to sustain the administrative action. In adopting the 1983 amendment to Rule 12.09, W.R.A.P., this court assumed that normally cases such as this would be reviewed by the district court rather than certified directly to this court. This presumably would provide for an earlier and less expensive resolution for the parties. In this instance, however, the case was certified without review by the district court. While there may have been exigent circumstances justifying that approach, the record does not inform us about them. It would be helpful if the district court in such instances would provide in the record an explanation of the justification for certification.

and he is, therefore, subject to disqualification.

\*     \*     \*     \*     \*     \*

"The Deputy's redetermination disqualifying the claimant for benefits effective March 17, 1985, on the grounds that he voluntarily left his most recent employment without good cause attributable to the employment and not for bona fide medical reasons is hereby affirmed."

It is from this administrative decision that the present appeal is pursued.

We have reviewed the transcript of the hearing, and find substantial evidence to sustain the decision made.[2]

This court only recently restated the test for consideration of contested evidence in an administrative-hearing appeal:

"We have adopted a definition of substantial evidence, when conducting a review of an agency, to be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mountain Fuel Supply Company v. Public Service Commission of Wyoming,* Wyo., 662 P.2d 878 (1983); *Board of Trustees, Laramie County School District No. 1 v. Spiegel,* Wyo., 549 P.2d 1161 (1976). Such evidence may be less than the weight of the evidence but cannot be contrary to the overwhelming weight of the evidence. *Mountain Fuel Supply Company v. Public Service Commission of Wyoming,* supra.

\*     \*     \*     \*     \*     \*

"If there is substantial evidence to support a finding, as there is here, the ultimate weight to be given that evidence is to be determined by the agency in light of its expertise and the experience of its members in such matters. *Mountain*

*Fuel Supply Company v. Public Service Commission of Wyoming,* supra. If the agency's decision is found to be supported by substantial evidence, we cannot substitute our judgment for that of the agency, but we are required to uphold its findings upon appeal. *McCulloch Gas Transmission Company v. Public Service Commission of Wyoming,* Wyo., 627 P.2d 173 (1981); *Williams v. Public Service Commission of Wyoming,* Wyo., 626 P.2d 564, cert. denied 454 U.S. 896, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981)." *Big Piney Oil & Gas Company v. Wyoming Oil and Gas Conservation Commission,* 715 P.2d 557, 561–62 (1986).

See § 16–3–114, W.S.1977.

" ' \* \* \* [S]uch a cause as justifies an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed; the quitting must be for such a cause as would reasonably motivate in a similar situation the average able-bodied and qualified worker to give up his or her employment with its certain wage rewards in order to enter the ranks of the compensated unemployed. The terms "good cause" and "personal reasons" connote, as minimum requirements, real circumstances, substantial reasons, objective conditions, palpable forces that operate to produce correlative results; adequate excuses that will bear the test of reason; just grounds for action. \* \* \* ' " *Sage Club, Inc. v. Employment Security Commission of Wyoming,* Wyo., 601 P.2d 1306, 1310 (1979), quoting from 81 C.J.S. Social Security and Public Welfare § 226a, pp. 448–452.

**2.** Contested issues of fact included the dispute as to whether the employee quit to trap full time, the effect of continued part-time employment after full-time termination, and the intrinsic safety of the workplace, involving employment conditions wherein conflicting evidence was presented but upon which both the hearing examiner and the commission determined adversely to the employee. A detailed discussion of the contention of the parties in regard to the electric shock from the saw, the plywood that fell down, the temporary ramp, and the later-discovered staph infection, would serve no additional purpose by repetition and evaluation in this decision but to denominate that a conflict in fact did exist wherein substantial evidence in support of the decision was admitted into evidence at hearing. We do not undertake to reconstruct by opinion detail, except to observe that substantial evidence with probative value did exist to justify the decision of the administrative agency.

The State of Wyoming concurred that an unsafe place to work could constitute good cause under the purview of § 27–3–311 and § 27–3–312, W.S.1977, 1985 Cum.Supp., as recently defined and confirmed in *Sage Club, Inc. v. Employment Security Commission of Wyoming,* supra.  See also *Scott v. Fagan,* Wyo., 684 P.2d 805 (1984).

With the acceptance by the State of the legal standard to be applied, the remaining question is sufficiency of the evidence to meet the burden of the employee to prove that in this case of a voluntary work termination good cause did exist because of a contended unsafe place to work. *Sage Club, Inc. v. Employment Security Commission of Wyoming,* supra.  The administrative agency found adversely.

By application of the established rule of appellate consideration, we affirm the administrative agency by finding substantial supporting evidence. *Utah Power & Light Co. v. Public Service Commission of Wyoming,* Wyo., 713 P.2d 240 (1986).  See also *Employment Security Commission of Wyoming v. Young,* Wyo., 713 P.2d 198 (1986); and *State v. Weisz & Sons, Inc.,* Wyo., 713 P.2d 176 (1986).

Affirmed.