# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael F. Carney, : 
           Petitioner : 
: 
       v. : No. 623 C.D. 2017
: Submitted: November 3, 2017
Unemployment Compensation : 
Board of Review, : 
           Respondent : 

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: January 19, 2018**

Michael F. Carney (Claimant), representing himself, petitions for review from an order of the Unemployment Compensation Board of Review (Board). The Board affirmed a referee's decision dismissing Claimant's appeal from a determination of a local service unit of the Department of Labor and Industry (Department). The Board found Claimant's appeal was untimely under Section 501(e) of the Unemployment Compensation Law[1] (Law). Claimant argues his untimeliness should be excused because he did not see the appeal deadline on the notice of determination when he first read it, and he was excusably distracted because he recently became a father and started his own business. Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §821(e).

## I. Background

On November 10, 2016, the Department issued a notice of determination disqualifying Claimant from unemployment compensation (UC) benefits, finding a fault overpayment, and imposing penalties. Claimant does not dispute that he received the notice of determination.

The determination stated in multiple places that Claimant's final day to appeal the determination to the Board was November 28, 2016. However, Claimant did not mail his appeal until December 1, 2016.

A referee conducted a hearing limited to the issue of timeliness of Claimant's appeal. Claimant testified at the hearing. He explained he failed to see the appeal deadline on the determination when he first read it. He also stated he recently became a father and was in the process of starting a business during the appeal period. The referee dismissed Claimant's appeal as untimely under Section 501(e) of the Law.

Claimant appealed the dismissal to the Board. Although sympathetic, the Board found Claimant's explanation for his late appeal did not meet the criteria for an exception to the 15-day appeal period imposed by Section 501(e). Consequently, the Board determined it lacked jurisdiction to entertain the merits of the case.

Claimant then filed a petition for review in this Court.

## II. Issue

Claimant argues the Board erred in refusing to excuse the untimeliness of his appeal from the Department's determination. He contends he offered a reasonable explanation for his lateness.

## III. Discussion

On appeal,[2] Claimant offers the same explanation he presented to the referee and the Board, i.e., he failed to note the appeal deadline, and he was distracted by the birth of his child and the demands of starting a business. Both the referee and the Board found this explanation insufficient to provide an exception to the appeal deadline. We agree.

Failure to file a timely appeal as required by Section 501(e) of the Law is a jurisdictional defect. Russo v. Unemployment Comp. Bd. of Review, 13 A.3d 1000 (Pa. Cmwlth. 2010). The time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence. Id. To justify an exception to the appeal deadline, Claimant must demonstrate that his delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances relating to Claimant himself. See id. This is an extremely heavy burden. Blast Intermediate Unit No. 17 v. Unemployment Comp. Bd. of Review, 645 A.2d 447 (Pa. Cmwlth. 1994); Reed v. Unemployment Comp. Bd. of Review, 406 A.2d 852 (Pa. Cmwlth. 1979).

---

[2] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth. 2014).

Claimant does not allege any fraud or breakdown in the administrative process. Rather, he contends his personal circumstances made his lateness excusable. We construe this contention as arguing non-negligent circumstances. Unfortunately, Claimant's argument is without merit.

A claimant's failure to notice the appeal deadline in a UC determination does not constitute a non-negligent circumstance justifying an untimely appeal. Reed; Delaney v. Unemployment Comp. Bd. of Review, 368 A.2d 1351 (Pa. Cmwlth. 1977). Thus, Claimant's explanation that he failed to notice the appeal deadline in the determination he received from the Department is legally insufficient to excuse his failure to file a timely appeal.

The pressure of life events is likewise insufficient to excuse an untimely appeal. This Court consistently rejects such excuses. See, e.g., Constantini v. Unemployment Comp. Bd. of Review 173 A.3d 838 (Pa. Cmwlth. 2017), (claimant dealing with several ongoing legal issues, repairing and securing home computer network after a malware virus attack, recovering data information lost from wireless devices due to the virus, and medical emergency appointments during the time period prior to the appeal deadline); Maloy v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 1009 C.D. 2015, filed April 13, 2016), 2016 Pa. Commw. Unpub. LEXIS 271 (unreported) (claimant dealing with brother's death, moving, and caring for daughter and sick mother); Burgher v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 1929 C.D. 2014, filed July 7, 2015), 2015 Pa. Commw. Unpub. LEXIS 461 (unreported) (claimant dealing with anxiety and stress from layoff); Rabe v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 1785 C.D. 2013, filed

4

February 24, 2014), 2014 Pa. Commw. Unpub. LEXIS 115 (unreported) (claimant dealing with financial stress and multiple pending court cases); <u>Menges v. Unemployment Comp. Bd. of Review</u> (Pa. Cmwlth., No. 2230 C.D. 2009, filed April 22, 2010), 2010 Pa. Commw. Unpub. LEXIS 254 (unreported) (claimant dealing with a death in the family and lingering effects of a medical condition). We cite these decisions as persuasive. <u>See</u> 210 Pa. Code §69.414(a).

Therefore, we conclude Claimant's asserted stress and distraction from the birth of a child and starting a business legally insufficient to excuse his untimely appeal.

## IV. Conclusion

Based on the foregoing, we affirm the Board's dismissal of Claimant's appeal.

_____
ROBERT SIMPSON, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael F. Carney,                          :
               Petitioner        :
                             :
           v.              :    No. 623 C.D. 2017
                             :
Unemployment Compensation                   :
Board of Review,                            :
               Respondent        :

# **O R D E R**

**AND NOW**, this 19th day of January, 2018, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

                                            

                             ROBERT SIMPSON, Judge