# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randy A. Stewart,                 :
              Petitioner     :
                                :
             v.              :   No. 435 C.D. 2019
                                :   Submitted: September 27, 2019
Unemployment Compensation   :
Board of Review,              :
              Respondent   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                FILED: November 7, 2019

Randy A. Stewart (Claimant), pro se, petitions for review of a March 19, 2019 Order of the Unemployment Compensation (UC) Board of Review (Board) that affirmed a Referee's Decision dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the UC Law (Law), 43 P.S. § 821(e).[1] On appeal, Claimant argues that he had an excuse for his appeal being untimely as he was out of state for work and unable to retrieve his mail. Based on a review of the record, we affirm the Board's Order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e) (providing that a determination is final, unless an appeal is made within 15 days after delivery of notice).

## I. BACKGROUND

On October 5, 2018, Claimant filed a claim for UC benefits. (Claim Record, Certified Record (C.R.) Item 1.) On October 24, 2018, the local Service Center issued a Notice of Determination, finding Claimant was ineligible for benefits under Section 402(e) of the Law, 43 P.S. § 802(e).[2] (Notice of Determination, C.R. Item 4.) The local Service Center determined that Claimant failed to provide information that he lost his driver's license, which he needed for his employment with Express Employment Professionals, through no fault of his own or for good cause. The Notice of Determination expressly stated Claimant had until November 8, 2018, to file an appeal.[3]

On November 15, 2018, Claimant faxed his appeal from the Notice of Determination. (Claimant's Petition for Appeal, C.R. Item 5.) A hearing regarding the timeliness of the appeal was scheduled. At the hearing, Claimant stated he did not know he had to file by November 8, but offered no other explanation or evidence. (Hearing Transcript, C.R. Item 8.) Claimant testified as follows in response to the Referee's inquiries:

> R: [You're] welcome to offer your testimony as to why it was not filed by the deadline of November 8[th].
> C: I didn't, I did not know the exact date[] I had to file for it, so. And I, you know[,] realized it was the 15[th].

---

[2] Section 402(e) of the Law states: "An employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act . . . ." 43 P.S. § 802(e).

[3] The Notice of Determination stated the deadline to timely appeal five times: (1) in the top right-hand corner of page 1; (2) under Appeal Instructions on page 1; (3) in the footer of page 1; (4) in the footer of page 2; and (5) in the footer of page 3.

R: Anything else that you [sic] like to state only on that part of [the] case, the timeliness issue?
C: Well I just wanted to have on record of [sic] about [what] my job advise[d] and why they never found me a job.

R: That would not be relevant, because we're not getting into the merits of the case today. The only issue before me today is the late filing of the Appeal.
C: Oh, Okay.

R: Anything that you [sic] like to state in closing on that issue?
C: Well, I didn't realize the date[] I had to file for. And they told me at any time, just call in. When I first started calling in, I [] thought I [would] have no problem getting it, you know.

R: Sure. Anything else, Mr. Stewart?
C: No.

(*Id*. at 2.) Following the hearing, the Referee issued a Decision, determining that Claimant's appeal was not timely and none of the limited exceptions for allowance of a late appeal applied. (Referee Decision at 2, C.R. Item 9.) Thus, the Referee dismissed the Petition for Appeal.

Claimant then appealed the Referee's Decision to the Board where he raised the argument that he had an excuse for his untimely appeal as he was working in another state and could not get his mail. (Claimant's Petition for Appeal, C.R. Item 10.) Although Claimant appeared pro se before the Referee, he was assisted with his appeal to the Board by Philadelphia Legal Assistance. Claimant argued that the Referee's Decision contained no acknowledgement of Claimant's testimony and indicated that the Referee asked Claimant to testify about the timeliness issue. Thus, Claimant requested a remand hearing as the record seemed incomplete and further requested leave to file a brief. The Board granted the request to file a brief and stated it would review the request for a remand hearing. On March 19, 2019, the Board issued its Order affirming the Referee's Decision and adopting and incorporating the

3

Referee's findings and conclusions. (Board Order, C.R. Item 13.) The Board noted that the Referee asked Claimant questions about the untimely filing, to which Claimant responded that he did not know when to file. The Board also noted that the Referee provided Claimant with the opportunity to provide additional information on the timeliness issue, but Claimant declined. Thus, the Board found the record was complete, and Claimant did not offer testimony to excuse his late filing. Therefore, the Board affirmed the Decision of the Referee and denied Claimant's request for a remand.

## II.  PARTIES' ARGUMENTS

On appeal,[4] Claimant argues that he had an excuse for his untimely appeal as he was working in another state and could not get his mail. (Claimant's Brief (Br.) at 2.) Claimant also argues the merits of his case, claiming he was terminated due to a "safety reason." (*Id.*)

The Board responds that there is no dispute that Claimant untimely filed his appeal. (Board's Br. at 3.) Further, the Board argues Claimant offered no explanation for the untimely appeal at the Referee's hearing. The Board notes that while Claimant later argued that he was out of town, this was not offered in the first instance, and as a result, this argument cannot be considered by this Court on appeal. Because Claimant did not carry the heavy burden to prove he was entitled to *nunc pro tunc* relief, the Board contends its Order should be affirmed.

---

[4] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

## III. TIMELINESS OF CLAIMANT'S APPEAL

Section 501(e) of the Law governs an appeal of a local Service Center's determination. It provides that:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), **within fifteen calendar days** after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, **such determination of the department, with respect to the particular facts set forth in such notice, shall be final** and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e) (emphasis added). This statutory time frame is memorialized in the Department of Labor and Industry's regulations, as well. *See* 34 Pa. Code § 101.82(a) ("A party seeking to appeal a Department determination shall file an appeal . . . on or before the 15th day after the date on which notification of the decision of the Department was . . . mailed to [the party] at [the party's] last known post office address.").

"It is well-settled the statutory time limit for filing an appeal is mandatory in the absence of fraud or a breakdown in the administrative agency." *Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009). We have explained that "[a]ppeal periods . . . are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Shea v. Unemployment Comp. Bd. of Review*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006). Therefore, the party seeking to file a late appeal bears a heavy burden to show that one of the limited circumstances in which an untimely appeal may be considered exists. *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Allowable exceptions include cases involving fraud

5

or a breakdown in the administrative process, or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Bass v. Commonwealth*, 401 A.2d 1133, 1135-36 (Pa. 1979). *Nunc pro tunc* relief for non-negligent conduct is generally reserved for only those "unique and compelling cases in which the [petitioner] has clearly established that [the petitioner] attempted to file an appeal, but unforeseeable and unavoidable events precluded [the petitioner] from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001).

Claimant argues that he was unable to get to his mail by the appeal date because his new employer kept him in Arkansas working for two weeks, contrary to their agreement to let him go home on the weekends. Claimant raised this argument in his appeal to the Board. Claimant did not raise this argument in the first instance before the Referee; therefore, it is not part of the certified record. In *Rothstein v. Unemployment Compensation Board of Review*, 114 A.3d 6, 10 (Pa. Cmwlth. 2015), this Court ruled that new assertions and evidence that are not presented and made part of the certified record cannot be considered on appeal. Therefore, this Court cannot consider Claimant's new argument as it was not raised before the Referee.

Instead, we are constrained by the record and the findings made by the Referee and subsequently adopted by the Board. At the hearing before the Referee, Claimant said he did not know when the deadline was to file a timely appeal. This excuse is not legally sufficient. Claimant has an "extremely heavy burden to put into the record substantial proof of circumstances which would warrant an exception to the usual rule that an appeal is foreclosed when it is not timely filed." *Reed v. Unemployment Comp. Bd. of Review*, 406 A.2d 852, 853 (Pa. Cmwlth. 1979) (citing

6

*Unemployment Comp. Bd. of Review v. Hart*, 348 A.2d 497 (Pa. Cmwlth. 1975)). In *Reed*, the claimant was untimely with his appeal and testified at the hearing that he did not read the part of the Notice of Determination which informed the claimant when his appeal period would expire. *Id.* This Court determined that the claimant's excuse fell short of meeting the heavy burden placed upon him. *Id.*

This Court followed the *Reed* holding in *Carney v. Unemployment Compensation Board of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018), by stating "[a] claimant's failure to notice the appeal deadline in a UC determination does not constitute a non-negligent circumstance justifying an untimely appeal." The claimant in *Carney* failed to see the appeal deadline on the Notice of Determination, and "also stated he recently became a father and was in the process of starting a business during the appeal period." *Id.* at 1287. This Court did not accept the claimant's excuses and determined that "[t]he pressure of life events is likewise insufficient to excuse an untimely appeal." *Id.* at 1288. Claimant's failure to know the deadline has likewise failed to constitute a non-negligent circumstance to justify an untimely appeal. Accordingly, we affirm the Board's Order dismissing the appeal.

## IV. CONCLUSION

Because Claimant's appeal admittedly was not timely, and Claimant has not provided reasons that, under our precedent, satisfy the "heavy burden" to show one of the limited circumstances for *nunc pro tunc* relief exists, *Hessou*, 942 A.2d at 198, we are constrained to affirm the Board's Order dismissing Claimant's appeal.

_____
**RENÉE COHN JUBELIRER,** Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randy A. Stewart,                        :
                    Petitioner           :
                                         :
          v.                             :     No. 435 C.D. 2019
                                         :
Unemployment Compensation                :
Board of Review,                         :
                    Respondent           :

# **O R D E R**

NOW, November 7, 2019, the Order of the Unemployment Compensation Board of Review, dated March 19, 2019, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge