# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Guy, :
                 Petitioner :
  :
      v. : No. 479 C.D. 2019
  : Submitted: September 6, 2019
Unemployment Compensation :
Board of Review, :
              Respondent :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ROBERT SIMPSON, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE SIMPSON**         **FILED: November 13, 2019**

Michael Guy (Claimant), representing himself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision dismissing his appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1] Claimant filed his appeal from two notices of determination a month late. Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §821(e). Section 501(e) of the Law provides:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), <u>within fifteen calendar days</u> after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e) (emphasis added).

## I. Background

Claimant was laid off from his seasonal employment with a landscaping business (Employer) at the end of December 2017 for lack of work. He applied for and began receiving unemployment compensation (UC) benefits in January 2018. Employer challenged Claimant's continuing receipt of UC benefits after discovering he received benefits after the date it recalled him to seasonal employment, starting March 1, 2018. Employer asserted Claimant voluntarily quit when he refused its recall to work.

After investigating the matter, on October 22, 2018, the Department of Labor and Industry (Department) issued two notices of determination, one disqualifying Claimant from UC benefits based on a voluntary quit, and the other finding a fault overpayment of benefits from March 17 through June 23, 2018, and imposing penalties (determinations). The determinations were premised on Claimant's failure to return to his prior seasonal employment, beginning in March 2018. Copies of the determinations were mailed to Claimant's last known address and not returned as undeliverable. Relevant here, the determinations stated the final day to appeal was November 6, 2018. Claimant appealed both determinations in the same appeal; however, he did not mail his appeal until a month later, on December 6, 2018.

A referee conducted a hearing. As to the timeliness of his appeal, Claimant testified he appealed the determinations "as soon as [he] realized [he] needed to . . . ." Referee's Hr'g, Notes of Testimony (N.T.), 12/31/18, at 5. He explained his appeal was untimely because he was preoccupied with his current employment and "was already working … just busy." Id. He was also "shock[ed]"

to receive the determinations as he believed he was "done with unemployment" since he resumed working. Id. Additionally, Claimant stated his wife opened the determinations. The referee dismissed Claimant's appeal as untimely under Section 501(e) of the Law, 43 P.S. §821(e). Claimant appealed to the Board.

The Board concluded Claimant's explanation did not meet the criteria for an exception to the 15-day appeal period, i.e., the delay was not caused by fraud, a breakdown in the system, or non-negligent conduct. Bd. Op., 2/26/19, at 2. Accordingly, the Board affirmed the referee's dismissal of Claimant's appeal under Section 501(e) of the Law. Claimant now petitions for review before this Court.

## II. Discussion

On appeal,[2] Claimant argues he "did not receive [the determinations] in a manner that would have made it possible for [him] to timely appeal the decision made." Pet'r's Br. at 8. Claimant asserts his wife found the unopened determinations on November 22, 2018, which resulted in his untimely filing on December 6, 2018. Claimant did not expect correspondence from the Department concerning his UC benefits because he believed he previously satisfied the eligibility requirements.

These assertions, while raised in Claimant's uncounseled brief, were not comprised within his petition for review. Yet, this Court will decline to find waiver if, based on the certified record, we are able to address an issue "not within

---

[2] Our review is limited to determining whether the findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Carney v. Unemployment Comp. Bd. of Review, 181 A.3d 1286 (Pa. Cmwlth. 2018).

the issues stated in the petition for review but included in the statement of questions involved and argued in a brief." Pa. R.A.P. 1513, Note.

Nevertheless, Claimant does not prevail on the issue of timeliness. Pursuant to Section 501(e) of the Law, a claimant has 15 days to appeal the Department's determination. 43 P.S. §821(e). Failure to file a timely appeal under Section 501(e) of the Law results in a jurisdictional defect. Carney v. Unemployment Comp. Bd. of Review, 181 A.3d 1286 (Pa. Cmwlth. 2018). This statutory deadline "cannot be extended as a matter of grace or mere indulgence." Id. at 1288.

In limited circumstances, the Board may consider an untimely appeal *nunc pro tunc*, or "now for then." Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194 (Pa. Cmwlth. 2008). The burden of justifying an untimely appeal is "extremely heavy." Carney, 181 A.3d at 1288. The claimant must demonstrate the delay "resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances relating to the claimant himself." Id.; see also Ferraro v. Unemployment Comp. Bd. of Review, 464 A.2d 697 (Pa. Cmwlth. 1983) (reasoning mere hardship is not enough).

Here, Claimant does not dispute receipt of the determinations or allege fraud or a breakdown in the administrative process. Instead, he indicates his delay resulted from non-negligent circumstances. He maintains he did not expect correspondence from the Department at that time because he was occupied with new employment and believed he satisfied the requirements to receive UC benefits. He further argues he was not aware of the Department's decision until his wife

4

discovered the unopened determinations 16 days after the appeal deadline. This Court consistently rejects similar arguments.

In Carney, the claimant's appeal of the Department's determination discontinuing his UC benefits was untimely by three days. The claimant admitted to having read the determination, but claimed he failed to note the appeal deadline due to personal circumstances, which included, becoming a father and starting a new business. The Board affirmed the referee's dismissal of the claimant's appeal. On appeal, we concluded the failure to notice an appeal deadline was a legally insufficient justification for an untimely appeal. We similarly held the demands, pressures, and distractions of his personal life did not excuse an untimely filing.

By contrast, Claimant's appeal here was untimely by a month. Even after he admitted his wife discovered the unopened determinations on November 22, 2018, he did not file an appeal for another 14 days. Notably, Claimant offers no excuse for the delay between November 22 (discovery date) and December 6 (filing date). A claimant has a duty to exercise some diligence concerning his or her own UC determination. Bennese v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 2279 C.D. 2007, filed Sept. 24, 2008), 2008 WL 9403206 (unreported).[3]

Also, as in Carney, Claimant's failure to open his mail and resulting unawareness of the determination until after the appeal deadline passed,[4] is an

---

[3] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[4] To the extent Claimant avers his delay resulted from his wife opening his mail, his argument is unavailing. A household member's negligence in failing to inform a claimant about receipt of a

insufficient excuse for his untimely appeal. Carney; see also Ferraro (explaining an untimely appeal is not justified based on a claimant's own negligence). A claimant's failure to read a determination, Reed v. Unemployment Compensation Board of Review, 406 A.2d 852 (Pa. Cmwlth. 1979), or to do so carefully, constitutes negligence "that does not warrant *nunc pro tunc* relief." DiBello v. Unemployment Comp. Bd. of Review, 197 A.3d 819, 822 (Pa. Cmwlth. 2018).

Claimant's perceived surprise as to the status of his UC benefits and distraction with his new job do not constitute "extraordinary circumstances" for which an untimely appeal may be justified.[5] Carney, 181 A.3d at 1288.

---

UC determination or its contents is alone insufficient to justify an untimely appeal. See Bennese (claimant's contradictory testimony that mother either did not inform her of or open determination while she attended school out-of-state, was insufficient to justify an untimely appeal); see also Guat Gnoh Ho v. Unemployment Comp. Bd. of Review, 525 A.2d 847 (Pa. Cmwlth. 1987) (claimant was not justified in filing untimely appeal without taking further action after husband, a non-English speaker, notified her of determination, but not its contents, while she was out of the country).

[5] Further, Claimant should have been aware that he was not entitled to continuing UC benefits following his refusal of Employer's recall to seasonal employment. At the referee's hearing, Claimant presented testimony that he was laid off due to lack of work in December 2017. However, Claimant admitted he received a written offer to return to work from Employer for March 1, 2018. Referee's Hr'g, Notes of Testimony (N.T.), 12/31/18, at 6; see also Certified Record (C.R.), Item No. 5, at 7 (Employer Separation Information; written call-back notice to Claimant). He never returned to work with Employer, and he found other employment. N.T. at 6. Additionally, Employer's witness testified that in March 2018, and several times during the snow removal season, it contacted Claimant to return to work, yet, he was unresponsive. N.T. at 7.

A claimant may only maintain eligibility for UC benefits where he shows good cause for refusing an employer's offer of suitable work. Rising v. Unemployment Comp. Bd. of Review, 621 A.2d 1152 (Pa. Cmwlth. 1993). The Department issued a determination revoking a portion of Claimant's UC benefits from the March 2018 call-back date until June 2018, as Claimant failed to accept Employer's offer to return to employment. See C.R., Item No. 7, at 4 (Determination).

6

Therefore, we conclude Claimant's absorption with his new job, unawareness regarding his UC benefits status, and his wife discovering mail on his behalf, are legally insufficient reasons to excuse his untimely appeal. Claimant failed to shoulder his heavy burden to prove that he was entitled to an appeal *nunc pro tunc*.

### III. Conclusion

For the foregoing reasons, we affirm the Board's dismissal of Claimant's appeal.

_____

ROBERT SIMPSON, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Guy,            :
          Petitioner       :
         :
        v.           :    No. 479 C.D. 2019
Unemployment Compensation     :
Board of Review,          :
       Respondent     :

# O R D E R

**AND NOW**, this   13th   day of November 2019, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____
ROBERT SIMPSON, Senior Judge