# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

April Bailey, :
                     Petitioner :
                                :
           v. :
                                  :
Unemployment Compensation :
Board of Review, : No. 1520 C.D. 2018
                     Respondent : Submitted: April 26, 2019

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: July 12, 2019

April Bailey (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) October 19, 2018 order denying Claimant's request for a new hearing and affirming the Referee's decision dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the UC Law (Law).[1] Essentially, the issue before this Court is whether the UCBR properly dismissed Claimant's appeal.[2] After review, we affirm.

On July 20, 2018, the Erie UC Service Center issued a Notice of Determination (Determination) denying Claimant UC benefits pursuant to Section

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

[2] Claimant presented two issues in her brief to this Court: (1) whether the UCBR "did not take into consideration of [sic] the unemployment benefits will not be fought by [Claimant's employer;]" and (2) whether the UCBR "took into consideration that the [Claimant] went back to work for [Claimant's employer's parent company] and still [has] a great rapport to date." Claimant Br. at 6. Because the issues relate solely to the merits of her case and the merits were not addressed by the Referee or the UCBR, they are not properly before this Court.

402(e) of the Law.[3]  The Determination stated that the final date to appeal therefrom was August 6, 2018.  Claimant filed an appeal on August 9, 2018.

The Referee held a hearing on September 7, 2018 on the issue of whether Claimant filed a timely and valid appeal from the Determination.  Neither Claimant nor her employer appeared at the hearing.  On that same date, the Referee dismissed Claimant's appeal under Section 501(e) of the Law for untimeliness.

Claimant appealed to the UCBR.[4]  On October 19, 2018, the Board issued an order denying Claimant's request for a new hearing,[5] and affirmed the Referee's Decision.  Claimant requested the UCBR to reconsider, which the UCBR denied.  Claimant appealed to this Court.[6]

---

[3] 43 P.S. § 802(e) (relating to willful misconduct).

[4] In her appeal to the UCBR, Claimant contended she arrived to the Referee hearing seven minutes late, and requested a new hearing which the UCBR denied.  However, Claimant did not raise the UCBR's denial of her hearing request as an issue in her appeal to this Court.  *See* Petition for Review, Claimant Br. at 6.

[5] Section 101.24(a) of the UCBR's Regulations provides:

> If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute 'proper cause,' the case shall be reopened.  Requests for reopening, whether made to the referee or [UCBR], shall be in writing; **shall give the reasons believed to constitute 'proper cause' for not appearing**; and they shall be delivered or mailed . . . to the [UCBR.]

34 Pa. Code § 101.24(a) (emphasis added).  Claimant requested the UCBR to grant her a new hearing, but did not provide any explanation for missing the hearing.  Absent evidence of "proper cause," the UCBR was justified in denying Claimant's request to reopen the record.  34 Pa. Code § 101.24(a).

[6] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

Initially, Section 501(e) of the Law provides:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the [UCBR], from the determination contained in any notice required to be furnished by the [Department of Labor and Industry (Department)] under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e).

Here, Claimant failed to appear at the scheduled hearing, and did not present evidence justifying the late filing of her appeal.

The law is well established:

> Failure to file a timely appeal as required by Section 501(e) of the Law is a jurisdictional defect. The time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence. To justify an exception to the appeal deadline, [a c]laimant must demonstrate that h[er] delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances relating to [the c]laimant h[er]self. This is an extremely heavy burden.

*Carney v. Unemployment Comp. Bd. of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) (emphasis added; citations omitted). Because the certified record contains no evidence demonstrating that Claimant's untimely filing resulted from "extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances[,]"[7] Claimant did not meet her burden, and the UCBR properly affirmed the Referee's Decision. *Id.*

---

[7] In fact, Claimant never explained the reasons for the late filing of her Determination appeal in any filing to the UCBR or this Court, nor did Claimant assert that she could explain such at a hearing.

For all of the above reasons, the UCBR's decision is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

April Bailey,                                          :
                              Petitioner               :
                                                       :
              v.                                       :
                                                       :
Unemployment Compensation                              :
Board of Review,                                       :          No. 1520 C.D. 2018
                              Respondent               :

## O R D E R

AND NOW, this 12th day of July, 2019, the Unemployment Compensation Board of Review's October 19, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge