IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| Michael Lombardo, | | : | **CASES CONSOLIDATED** |
| | Petitioner | : | |
| | | : | |
| | v. | : | No. 334 C.D. 2022 |
| | | : | No. 335 C.D. 2022 |
| | | : | Submitted: February 3, 2023 |
| Unemployment Compensation | | : | |
| Board of Review, | | : | |
| | Respondent | : | |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                        FILED: April 3, 2023


Michael Lombardo (Claimant) petitions for review, pro se, of the orders of the Unemployment Compensation Board of Review (Board) mailed March 7, 2022, which affirmed the Unemployment Compensation Referee's (Referee) decisions dismissing Claimant's appeals as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1] After review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

## Background

Claimant filed an application for Pandemic Unemployment Assistance (PUA)[2] effective February 2, 2020. Certified Record (C.R.), Item No. 1. On July 27, 2020, the Department of Labor and Industry (Department) issued two Notices of Determination (Department's Notices), establishing overpayments of Claimant's PUA benefits (PUA Notice)[3] and Federal Pandemic Unemployment Compensation (FPUC) benefits (FPUC Notice).[4] C.R., Item No. 2 at 11-14. The Department's Notices indicated that these were non-fraud overpayments because they resulted from a system error, rather than any error on the part of Claimant. *Id.* In addition, the Department's Notices indicated that Claimant's last day to appeal was August 11, 2020. *Id.*

Claimant appealed both Department's Notices on January 25, 2021. C.R., Item No. 3 at 22. On November 15, 2021, the Referee held a telephone hearing.

---

[2] "PUA provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to work and available for work within the meaning of applicable state law, except that they are unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related reasons . . . ." Office of Unemployment Compensation, Pennsylvania's Pandemic Unemployment Assistance Portal, https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited March 31, 2023).

[3] The Department's PUA Notice stated Claimant had "received a total of $2,340.00 in Federal [PUA] under Section 2102(h), Title II, Subtitle A of the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020 (Public Law 116-136) and Title 20, Section 625.14, Code of Federal Regulations (20 [C.F.R. §] 625) to which [he was] not entitled." C.R., Item No. 1. The Department's PUA Notice further stated: "This is a non-fraud overpayment because it was due to a system issue, and not a claimant error." *Id.*

[4] The Department's FPUC Notice stated Claimant had "received a total of $7,200.00 in [FPUC] benefits under Section 2104(f), Title II, Subtitle A of the [CARES] Act of 2020 (Public Law 116-136) to which [he was] not entitled." C.R., Item No. 1. The Department's FPUC Notice further stated: "This is a non-fraud overpayment because it was due to a system issue, and not a claimant error." *Id.*

C.R., Item No. 7.  Claimant participated in the hearing pro se and was the sole witness to testify.  *Id.*  In relevant part, Claimant admitted he received the Department's Notices around "the first week of August . . . ."  *Id.* at 70.  When the Referee asked Claimant about filing his appeal on January 25, 2021, Claimant stated:

> I guess so, it was around that because I couldn't – I lost the paperwork because they sent that letter in there that I could appeal it.  So I was looking for that paper and I told – unemployment had to send me another one so then I mailed it out because I was – they kept on taking all my money.

*Id.* at 72-73.

After the hearing, the Referee issued orders dismissing Claimant's appeals as untimely under Section 501(e) of the Law.  C.R., Item No. 8.  The Referee noted there was "no evidence of record to demonstrate that [Claimant] was misinformed or in any way misled regarding the right of appeal or the need to appeal."  *Id.*  The Referee explained that the timeliness provisions of the Law are "mandatory," and that he had "no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period."  *Id.*

Claimant appealed to the Board, which mailed its decisions on March 7, 2022.  C.R., Item No. 11.  The Board affirmed the Referee's decisions, finding Claimant received the Department's Notices in August 2020, which notified him that the final day to file his appeals was August 11, 2020.  *Id.*  The Board found Claimant failed to file his appeals by the deadline because he misplaced the Department's Notices.  *Id.*  It concluded Claimant's failure to file his appeals was due to his own negligence,

3

which did not justify late appeals. *Id.* Claimant timely filed petitions for review (Petitions) in this Court.[5]

## Discussion

This Court reviews unemployment compensation orders for violations of a petitioner's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa. C.S. § 704. We also review whether substantial evidence supports the findings of fact necessary to sustain the Board's decisions. *Id.* The Board is the fact-finder in these cases and is entitled to assess witness credibility and weight of the evidence. *Hubbard v. Unemployment Comp. Bd. of Rev.,* 252 A.3d 1181, 1185 n.2 (Pa. Cmwlth. 2021) (citation omitted).

The sole issue before this Court is whether Claimant filed timely appeals from the Department's Notices. At the time Claimant received the Department's Notices, Section 501(e) of the Law provided:

> Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [D]epartment . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

*Id.*[6]

---

[5] By order dated May 31, 2022, this Court granted the Board's Application for Relief in the Form of a Motion for Consolidation because it appeared that "the cases involve the same parties, share the same record, and the appeals were heard by the same Unemployment Compensation Referee at the same time and the Board decisions were issued together . . . ." Order, 5/31/22. Therefore, we address Claimant's Petitions regarding the Department's PUA Notice and the Department's FPUC Notice in this opinion.

[6] We note that in the Act of June 30, 2021, P.L. 173, the General Assembly extended the appeal deadline in Section 501(e) of the Law from 15 days to 21 days, which applies to notices of **(Footnote continued on next page…)**

4

A claimant's failure to timely appeal within the deadline is a jurisdictional defect, which this Court may not overlook or disregard. *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2019) (citation omitted). Further, this Court may not extend an appeal deadline as a matter of grace or indulgence. *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). To justify an untimely appeal and obtain nunc pro tunc relief, a claimant bears a heavy burden of demonstrating extraordinary circumstances involving (1) fraud or a breakdown in the administrative authority's operation or (2) non-negligent conduct of the claimant that was beyond his control. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

Here, Claimant admitted he received the Department's Notices in August 2020. The Department's Notices informed Claimant he had 15 days to file his appeals, or until August 11, 2020. Claimant did not file his appeals until January 25, 2021. Claimant fails to establish that his delay of over five months in filing his appeals was the result of non-negligent circumstances. In his brief, Claimant asserts multiple times that he could not appeal in a timely manner due to the Department "not providing him the correct documentation." Claimant's Br. at 9; *see also* Claimant's Br. at 9 ("The reason the Claimant could not appeal this nonfraud overpayment was due to the [Department] not providing him the right document to appeal."); Claimant's Br. at 10 ("Claimant expects the Court to dismiss the case, due to the [Department] not communicating with him, and not providing the right documentation in a timely fashion to appeal."). However, Claimant fails to identify what documentation he was waiting on or why such documentation was necessary to his being able to file a timely appeal. Moreover, the Referee and the Board found

determination issued after July 24, 2021. Because the Department's Notices here were issued before July 24, 2021, the 15-day appeal period still applied.

5

as a fact, based on the evidence of record, that it was Claimant's own negligence in misplacing the Department's Notices that caused his appeal to be untimely filed.

## Conclusion

Therefore, we conclude the Board properly dismissed Claimant's appeals as untimely under Section 501(e) of the Law. Claimant failed to credibly demonstrate that his delay was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances that were beyond his control. Accordingly, we affirm the Board's orders.[7]

_____
STACY WALLACE, Judge

---

[7] In his Petitions and Brief, Claimant attempts to challenge the merits of the Department's Notices. However, because we affirm the Board's dismissal of Claimant's appeals as untimely, we do not reach the merits of his claims.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Lombardo,  
                Petitioner

          v.

Unemployment Compensation  
Board of Review,  
                Respondent

: **CASES CONSOLIDATED**  
:  
:  
: No.  334 C.D. 2022  
: No.  335 C.D. 2022  
:  
:  
:  
:

# **O R D E R**

    **AND NOW**, this 3rd day of April 2023, the Unemployment Compensation Board of Review's orders mailed March 7, 2022 are **AFFIRMED**.

                                _____

                                STACY WALLACE, Judge