IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Redien Sium,                              :
                    Petitioner           :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :    No. 1190 C.D. 2022
                    Respondent           :    Submitted: May 26, 2023


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY[1]                              FILED:  September 3, 2024


        Redien Sium (Claimant) petitions this Court for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) October 6, 2022
order vacating the Referee's decision that Claimant's appeal from the UC Service
Center's May 7, 2021 determination (First Determination) was timely and affirmed
that Claimant was ineligible for Pandemic Unemployment Assistance (PUA)
benefits under Section 2102(a)(3)(A)(i) of the Coronavirus Aid, Relief, and
Economic Security Act of 2020 (CARES Act), and dismissing Claimant's appeal.[2]
Essentially, the issue before this Court is whether Claimant satisfied her burden of

---

[1] This matter was reassigned to the author on February 15, 2024.
[2] 15 U.S.C. § 9021(a)(3)(A)(i).  Section 2102(a)(3)(A)(i) of the CARES Act states that a
"covered individual" is someone who "is not eligible for regular compensation or extended
benefits under State or Federal law or pandemic emergency unemployment compensation."  15
U.S.C. § 9021(a)(3)(A)(i).

proving that she is entitled to *nunc pro tunc* relief to appeal from the First Determination. After review, this Court affirms.

On June 8, 2020, Claimant filed an application for PUA benefits, establishing an effective application date of March 8, 2020. Claimant had previously filed an application for UC benefits on April 30, 2020, with an effective date of April 26, 2020. On March 26, 2021, Claimant began consulting with Community Legal Services (CLS) regarding her benefit claims. In addition to assistance from CLS, Claimant had help from another individual to translate notices from the Department of Labor and Industry (Department).[3] On May 7, 2021, the Department mailed to Claimant's post office address, transmitted via email to Claimant's email address on record, and transmitted to Claimant via internal message on the PUA claim system, two determination notices: (1) denying PUA benefits on the basis that she left work for reasons that were not a direct result of the COVID-19 Pandemic (First Determination); and (2) denying PUA benefits on the basis that Claimant may be eligible for benefits under state law or a federal unemployment insurance extension program (Second Determination).[4] On that same day, the Erie UC Service Center issued a notice of determination to Claimant denying UC benefits for voluntarily leaving work (Third Determination).

On May 28, 2021, Claimant appealed from the Department's First Determination. On December 17, 2021, the Referee ruled that Claimant's appeal from the First Determination was timely and affirmed that Claimant was ineligible for PUA benefits under Section 2102(a)(3) of the CARES Act. Claimant appealed

---

[3] Claimant's native language is Tigrinya. Claimant has a limited understanding of the English language.

[4] The Second Determination contained the following statement: "You are eligible for UC/E[mergency] UC/SB [b]enefits in the state of Pennsylvania." Certified Record at 131. The Department subsequently vacated the Second Determination.

2

to the UCBR. On October 6, 2022, the UCBR vacated the Referee's decision, and dismissed the appeal as untimely. Claimant appealed to this Court.[5]

Initially,

> [former] Section 501(e) of the [UC] Law [(Law)[6]] require[d] a claimant to appeal a notice of determination within 15 calendar days of the date the "notice was delivered to him personally[] or was mailed to his last known post office address[.]"[7] 43 P.S. § 821(e). "Failure to file a timely appeal as required by Section 501(e) of the Law is a jurisdictional defect." *Carney v. Unemployment Comp[.] [Bd.] of Rev[.]*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018). "The time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence." *Id.* In limited circumstances, however, the [UCBR] may consider an untimely appeal *nunc pro tunc*. **To justify an exception to the appeal deadline, "[a claimant] must demonstrate that his delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances relating to [the claimant] himself**." *Id.* "**[N]egligence on the part of an administrative official may be deemed the equivalent of fraud**." *ATM Corp[.] of Am[.] v. Unemployment Comp[.] [Bd.] of Rev[.]*, 892 A.2d 859, 864 n.11 (Pa. Cmwlth. 2006) (citation omitted).

*Bashinsky v. Unemployment Comp. Bd. of Rev.*, 246 A.3d 381, 384 (Pa. Cmwlth. 2021) (emphasis added). "[T]he claimant bears a heavy burden to justify an untimely appeal." *Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009).

---

[5] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

[6] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

[7] On July 24, 2021, Section 501(e) of the Law was amended to require an appeal be filed "no later than [21] calendar days after the 'Determination Date' provided on such notice[.]" 43 P.S. § 821(e).

Claimant argues that the issuance of an incorrect notice, which informed Claimant that an appeal from a PUA denial would be futile and she was eligible for compensation from a separate, mutually exclusive program, constitutes an administrative breakdown, thereby, justifying the filing of an appeal four days past the deadline. This Court disagrees.

The First Determination stated:

**You DO NOT qualify for unemployment benefits**

Dear [Claimant],

We have completed a review and investigation of your claim for [PUA] referenced above. We have determined that your claim is DENIED as you do not meet the qualifications required by the [CARES Act] for [PUA] and the Continued Assistance Act [of 2021[8]].

You quit or took a leave of absence from your job that was NOT a direct result of COVID-19 under Section 2102(a)(3)(A)(ii)(I) of the CARES Act.

This disqualification is effective **03/08/2020** to **09/04/2021**.

Please see the last page of this notice for the full text of the applicable law[.] . . .

**You have the right to appeal this determination**.

You have 15 days from the mail date on this letter to file an appeal. This means your appeal **must be received or postmarked** by **05/24/2021**.

Certified Record (C.R.) at 114 (emphasis in original).

The Second Determination stated:

**You DO NOT qualify for unemployment benefits**

Dear [Claimant],

We have completed a review and investigation of your claim for [PUA] referenced above. We have determined

---

[8] Pub. L. No. 117-2, 135 Stat. 4.

4

that you may have other program eligibility available. PUA benefits can only be compensated when no other program eligibility is available. You may be eligible for regular [UC] or another UC program covered under [s]tate or [f]ederal [l]aw, (for example, Extended Benefits, Pandemic Emergency [UC]).

*You are eligible for UC/E[mergency] UC/SB Benefits in the state of Pennsylvania.*

This disqualification is effective **03/08/2020** to **09/04/2021**.

Please see the last page of this notice for the full text of the applicable law[.] . . .

**You have the right to appeal this determination**.

You have 15 days from the mail date on this letter to file an appeal. This means your appeal **must be received or postmarked** by **05/24/2021**.

C.R. at 131 (bold emphasis in original; italic emphasis added).[9]

CLS paralegal Jessica Boehner (Boehner) testified that she advised Claimant not to appeal from the First Determination because the Second Determination stated that she was eligible for UC. Specifically, Boehner related:

C[laimant's] L[awyer (Counsel):] Okay. So[,] in light of the [S]econd [Determination] stating you are eligible for UC, et cetera benefits in the [s]tate of Pennsylvania, what was your understanding of the relevance or importance of appealing the [F]irst Determination regarding eligibility for the PUA program?

[Boehner:] My understanding was that you cannot be eligible for the PUA program if you are eligible for the UC program, so at that time I advised [Claimant] to move to complete an application for the [r]egular [UC] program.

[Counsel:] So on your understanding, if you are eligible for the [r]egular [UC] program, is there any purpose whatsoever to appealing a denial of the PUA program?

---

[9] The Third Determination stated that Claimant was ineligible for UC benefits and stated the reasons therefor. *See* C.R. at 124.

5

[Boehner:] No.

[Counsel:] Did you have any reason to doubt that the Department's notice that [Claimant] qualified for [r]egular [UC] was correct?

[Boehner:] No.

[Counsel:] You said that you advised [Claimant] to apply for [r]egular [UC] [b]enefits. After you gave her that advice, what reason -- did you have any reason to continue checking the PUA Portal?

[Boehner:] No. We moved forward with just working on the [r]egular [UC] Claim.

[Counsel:] Was [Claimant] ultimately able to collect [r]egular [UC]?

[Boehner:] No.

[Counsel:] **And what did you learn about her eligibility for the [r]egular [UC]**?

[Boehner:] **That it turned out that it seemed that notice might have been issued in error because she was not eligible for [r]egular [UC]**.

C.R. at 97-98 (emphasis added).[10]

The UCBR reasoned, in relevant part:

Claimant's advocate[, Boehner,] made the choice to advise [] [C]laimant not to appeal the other adverse determination[, First Determination,] because she believed that [] [C]laimant was eligible to receive U[C] benefits under state law and an appeal from the PUA disqualification would serve no utility. However, by doing so, <u>the advocate consciously chose to forfeit</u> [] [C]laimant's appeal rights to a determination that [] [C]laimant now wishes to challenge. While the above-quoted [Second D]etermination was supposedly later vacated, it does not support [] [C]laimant's position that there was [an] administrative breakdown to excuse the

---

[10] Notwithstanding Boehner's testimony, Claimant applied for regular UC benefits before receiving the First and Second Determinations. That application was denied in the Third Determination. Curiously, Counsel never asked Boehner when she learned that Claimant was ineligible for UC.

filing of an untimely appeal to the disqualifying determination in question. Notably, [] [C]laimant was issued a disqualifying [D]etermination for UC benefits on the same day as the [First D]etermination in question based on her voluntary separation from employment. Thus, [] [C]laimant was neither misled as to her ***need*** or ***right*** to appeal. Moreover, <u>at all relevant times</u>, [] <u>[C]laimant, or at least her advocate, knew that</u> [] <u>[C]laimant had an extant disqualification for PUA benefits</u>. Since appeal deadlines relate to the jurisdiction of the [UCBR], [] [C]laimant simply cannot do an about-face and challenge the disqualification after the appeal deadline had elapsed.

Unfortunately, [] [C]laimant's late appeal cannot be excused or accepted *nunc pro tunc* in light of the circumstances within the control of [] [C]laimant or her advocate[,] and [in] the absence of fraud or breakdown in the appellate process.

C.R. at 177. This Court discerns no error in the UCBR's reasoning. Consequently, because it was Claimant's reliance on Boehner's advice that an appeal would be futile, instead of an administrative breakdown that caused the delay, Claimant has not met her "heavy burden to justify an untimely appeal." *Roman-Hutchinson*, 972 A.2d at 1288 n.1. Accordingly, the UCBR properly dismissed Claimant's appeal as untimely.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge


Judge Wallace concurs in the result only.

7

Redien Sium, :
          Petitioner :
                    :
      v. :
                    :
Unemployment Compensation :
Board of Review, : No. 1190 C.D. 2022
          Respondent :

## O R D E R

AND NOW, this 3rd day of September, 2024, the Unemployment Compensation Board of Review's October 6, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge