IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Turk, : CASES CONSOLIDATED
          Petitioner :
           :
      v. :
           :
Unemployment Compensation :
Board of Review, : Nos. 1593-1599, 1617 C.D. 2023
          Respondent : Submitted: February 4, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: March 5, 2025


James Turk (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) October 18, 2023 orders affirming the Referee's decisions dismissing Claimant's appeals pursuant to Section 501(e) of the UC Law[1] (Law).[2] Claimant presents three issues for this Court's review: (1) whether Claimant's appeal to this Court docketed at Pa. Cmwlth.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Former Section 501(e) of the UC Law (Law) required that an appeal from the determination contained in any notice required to be furnished by the Department of Labor and Industry be filed within 15 calendar days after such notice was mailed to the claimant's last known post office address. Effective July 24, 2021, the General Assembly amended Section 501(e) of the Law to require an appeal be filed "no later than [21] calendar days after the 'Determination Date' provided on such notice[.]" 43 P.S. § 821(e). Former Section 501(e) of the Law applies herein.

[2] The Referee issued eight identical decisions on Claimant's appeals, and the UCBR issued eight identical orders affirming the Referee's decisions. By March 1, 2024 Order, this Court consolidated the appeals docketed at Pa. Cmwlth. Nos. 1593 C.D. 2023 through 1599 C.D. 2023, and by March 21, 2024 Order, this Court included the appeal at No. 1617 C.D. 2023 in the consolidation.

No. 1617 C.D. 2023 (No. 1617 C.D. 2023) should be permitted *nunc pro tunc*; (2) whether the UCBR should have scheduled a remand hearing to take testimony on the timeliness of Claimant's appeals and the merits thereof; and (3) whether the UCBR erred by affirming the Referee's decisions that dismissed Claimant's appeals under Section 501(e) of the Law.[3] After review, this Court affirms.

On June 11, 2021, the UC Service Center issued eight Notices of Determination (Notices) that cumulatively disqualified Claimant under Section 404(d)(2) of the Law,[4] found that Claimant received overpayments of UC benefits, and found Claimant subject to a penalty payment. Copies of the Notices were mailed to Claimant's last known post office address on June 14, 2021. The Notices were not returned by postal authorities as undeliverable. Each Notice informed Claimant that he had 15 days from the date thereof to file an appeal if he disagreed with the Notice. The last day on which valid appeals could be filed from the Notices was June 29, 2021. Claimant did not file his appeals from the Notices until July 20, 2021.

The Referee held a hearing on June 14, 2022, at which neither Claimant nor Akers National Roll Company (Employer) appeared. That same day, the Referee dismissed Claimant's appeals as untimely pursuant to Section 501(e) of the Law. Claimant appealed to the UCBR. On October 18, 2023, the UCBR adopted and incorporated the Referee's findings of fact and conclusions, affirmed the Referee's decisions, and dismissed Claimant's appeals as untimely pursuant to Section 501(e) of the Law. Claimant appealed to this Court.[5]

Initially,

---

[3] This Court has reordered Claimant's issues for ease of discussion.

[4] 43 P.S. § 804(d)(2) (relating to UC benefits reduction for pension payments).

[5] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

[former] Section 501(e) of the Law require[d] a claimant to appeal a notice of determination within 15 calendar days of the date the "notice was delivered to him personally[] or was mailed to his last known post office address[.]" 43 P.S. § 821(e). "Failure to file a timely appeal as required by Section 501(e) of the Law is a jurisdictional defect." *Carney v. Unemployment Comp[.] [Bd.] of Rev[.]*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018). "The time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence." *Id.* In limited circumstances, however, the [UCBR] may consider an untimely appeal *nunc pro tunc*. **To justify an exception to the appeal deadline**, "[a claimant] **must demonstrate that his delay resulted from extraordinary circumstances involving fraud**, **a breakdown in the administrative process**, **or non-negligent circumstances relating to** [the claimant] **himself**." *Id.* "[N]**egligence on the part of an administrative official may be deemed the equivalent of fraud**." *ATM Corp[.] of Am[.] v. Unemployment Comp[.] [Bd.] of Rev[.]*, 892 A.2d 859, 864 n.11 (Pa. Cmwlth. 2006) (citation omitted).

*Bashinsky v. Unemployment Comp. Bd. of Rev.*, 246 A.3d 381, 384 (Pa. Cmwlth. 2021) (emphasis added). "[T]he claimant bears a heavy burden to justify an untimely appeal." *Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009).

Claimant argues that his appeal to this Court at No. 1617 C.D. 2023 should be permitted to be filed *nunc pro tunc*. Specifically, Claimant contends that on January 10, 2024, Claimant electronically filed eight ancillary Petitions for Review (Petitions), as instructed by this Court's Prothonotary (Prothonotary). Claimant asserts that, thereafter, he learned that all Petitions went through and were accepted for filing, except for the appeal at No. 1617 C.D. 2023. Claimant declares that before submitting the Petitions for filing, Claimant's attorney (Counsel) experienced issues with this Court's electronic filing system. Claimant proclaims that once he discovered that the Petition did not go through, Counsel contacted the Prothonotary's Office and, on January 18, 2024, it was determined that there must

3

have been a system error which caused the Petition not to be filed. Consequently, the Prothonotary's Office assisted Counsel in getting the Petition filed.

The UCBR does not object to this Court accepting as timely Claimant's appeal docketed at No. 1617 C.D. 2023 based on Counsel's representation that the appeal was delayed due to an issue with the Court's electronic filing system. This Court has no reason to doubt Counsel's representations based on the electronic filing of the other seven Petitions that same day. Accordingly, because an issue with this Court's electronic filing system can be considered a breakdown in the administrative process or non-negligent circumstances relating to Claimant's counsel, *see Criss v. Wise*, 781 A.2d 1156 (Pa. 2001), this Court will consider Claimant's appeal at No. 1617 C.D. 2023 *nunc pro tunc*.

Claimant next contends that the UCBR should have scheduled a remand hearing to take testimony on the timeliness of Claimant's appeals from the Notices and the merits thereof. Specifically, Claimant maintains that he was denied a fair hearing, and the record is incomplete on a key issue. Claimant cites Section 101.104 of the UCBR's Regulations, 34 Pa. Code § 101.104, to support his position.

Initially, Section 101.24 of the UCBR's Regulations provides, in relevant part:

> (a) If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute "proper cause," the case shall be reopened. **Requests for reopening**, whether made to the [R]eferee or [UCBR], **shall be in writing**; **shall give the reasons believed to constitute "proper cause" for not appearing**; and they shall be delivered or mailed--preferably to the tribunal at the address shown on the notice of hearing or to the [UCBR], Labor and Industry Building, Seventh and Forster Streets, Harrisburg, Pennsylvania 17121, or to the local employment office where the appeal was filed.

4

. . . .

> (c) A request for reopening the hearing which is not received before the decision was issued, but is received or postmarked on or before the 21st day after the decision of the referee was issued to the parties, shall constitute a request for further appeal to the [UCBR] and a reopening of the hearing, and the [UCBR] will rule upon the request. If the request for reopening is allowed, the case will be remanded and a new hearing scheduled, with written notice thereof to each of the parties. At a reopened hearing, the opposing party shall be given the opportunity to object to the reopening if he so desires. If the request to have the hearing reopened is denied, the [UCBR] will append to the record the request, supporting material and the ruling on the request, so that it shall be subject to review in connection with any further appeal to the Commonwealth Court.

34 Pa. Code § 101.24 (emphasis added). "In sum, before a [R]eferee [or the UCBR] can reopen the record, the absent party must file a written request to reopen, identifying the 'proper cause' reasons for not appearing at the scheduled time." *Massie v. Unemployment Comp. Bd. of Rev.*, 255 A.3d 702, 709 (Pa. Cmwlth. 2021).

> Section 101.104 of the UCBR's Regulations states, in pertinent part:
>
> (a) The [UCBR] may allow or disallow any application for a further appeal without hearing, solely on the basis of the application and the record.
>
> . . . .
>
> (c) If the further appeal is allowed by the [UCBR], or if the [UCBR] removes an appeal from the [R]eferee to the [UCBR] and on its own motion assumes jurisdiction of the appeal, notification shall be mailed to the last known post office address of each interested party. The [UCBR] will review the previously established record and determine whether there is a need for an additional hearing. Under [S]ection 504 of the . . . Law (43 P.S. § 824), the [UCBR] may affirm, modify[,] or reverse the decision of the [R]eferee on the basis of the evidence previously submitted in the case, or **the [UCBR] may direct the taking of additional evidence**, **if in the opinion of the**

5

**[UCBR], the previously established record is not sufficiently complete and adequate to enable the [UCBR] to render an appropriate decision**. The **further appeal shall be allowed and additional evidence required** in any of the following circumstances:

(1) **Whenever the further appeal involves a material point on which the record below is silent** or incomplete or appears to be erroneous.

34 Pa. Code § 101.104 (emphasis added).

In *Massie*, when the employer did not appear at a referee hearing, the referee reopened the hearing *sua sponte* for the employer to present evidence after the employer called the referee in response to a phone message, stating that the employer's office had been closed on the hearing date. The UCBR argued that it was permitted to rely on the employer's evidence at the remand hearing and cited *Lamison v. Unemployment Compensation Board of Review* (Pa. Cmwlth. No. 1213 C.D. 2019, filed July 30, 2020),[6] to support its position. The *Lamison* Court held that, for purposes of Section 101.24(c) of the UCBR's Regulations, whether the claimant had proper cause for not attending the hearing is a material point on which the existing record was silent, and, thus, the UCBR was required to allow a further appeal.

The *Massie* Court rejected the UCBR's argument, holding:

*Lamison* **did not** address [Section] 101.24(a) [of the UCBR's Regulations], and it did not **hold that a request to reopen the record does not have to be made in writing**. Notably, the claimant in *Lamison* made a written request to the [UCBR] for a remand hearing by filing an appeal form. Although the appeal form did not specify the reason for her nonappearance at the hearing, the [UCBR] had been previously informed by the claimant's counsel

---

[6] Unreported decisions of this Court issued after January 15, 2008, while not binding, may be cited for their persuasive value. *See* Section 414(a) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.414(a).

> that she did not receive the hearing notice because she had moved. *Lamison*, slip op. at 9.

*Massie*, 255 A.3d at 710 (emphasis added).

Here, in addition to Claimant not requesting a hearing when he appealed from the Referee's decision to the UCBR, he did not mention his failure to appear at the Referee hearing. *See* Certified Record (C.R.) at 163. Rather, Claimant argued the merits of his appeals from the Notices. *See id.* Significantly, Claimant began his appeal letter by stating: "I **did** [r]eceive of [sic] hearing [a]ppeal, I did [f]ile [f]or unemployment[,] and I [d]i[d] [r]eport to unemployment office when I [r]eceived my [r]etirement[.]" C.R. at 163 (emphasis added). Thus, Claimant admitted receiving notice of the hearing at which he did not appear. Accordingly, the UCBR was not required to schedule a remand hearing to take testimony on the timeliness of Claimant's appeals from the Notices and the merits thereof.

Lastly, Claimant argues that there were non-negligent circumstances and a breakdown in the system that resulted in the untimely appeals from the Notices to the Referee. Specifically, Claimant contends that while the Notices stated that they were mailed June 14, 2021, "they were not actually posted until June 23, 2021[,] and [Claimant] did not receive them until after the appeal date of June 29, 2021. *See* [C.R. at 86]."[7] Claimant Br. at 14. Claimant further asserts that "one of the decisions also dated June 14, 2021[,] was not posted until July 6, 2021[,] and [Claimant] did not receive it until July 13, 2021. *See* [C.R. at 104]."[8] *Id.* Claimant proclaims that "he did everything in his power to get his appeal[s] sent in as soon as circumstances allowed him." *Id.*

---

[7] The Notices contain Claimant's handwritten note: "Your mail was posted 6/23/[20]21[,] [d]id not receive[] it [un]til[] 6/30/[20]21[.]" C.R. at 86, 90, 92, 94, 95, 109. It appears Claimant is using the word *posted* synonymous with *postmarked*.

[8] The Notices contain Claimant's handwritten note: "[M]ail post [d]ated 7/6/[20]21[,] [d]id not [r]eceive it [un]til[] 7/13/[20]21[.]" C.R. at 97, 103, 104.

The UCBR rejoins that Claimant's assertions regarding the timeliness of his appeals are unsupported by the record and, thus, may not be considered in determining whether the UCBR's findings of fact are supported. The UCBR further retorts that its conclusive findings establish that Claimant failed to prove a legally sufficient reason to accept his late appeals from the Notices; therefore, the UCBR properly dismissed his appeals.

"In UC cases, the [UCBR] is the ultimate fact-finder and resolves issues of credibility and conflicting evidence. This Court is bound by those findings, provided they are supported by substantial evidence." *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024) (citation omitted). "Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding." *Id*. Here, because Claimant did not appear at the Referee hearing, there was no record evidence to support his claim that he did not timely receive the Notices. Accordingly, the UCBR properly dismissed Claimant's appeals from the Notices as untimely.

For all of the above reasons, Claimant's Motion for Leave to File Petition for Review *Nunc Pro Tunc* is granted and the UCBR's orders are affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Turk,        :   CASES CONSOLIDATED
      Petitioner   :
            :
     v.        :
            :
Unemployment Compensation   :
Board of Review,       :   Nos. 1593-1599, 1617 C.D. 2023
      Respondent  :

### O R D E R

AND NOW, this 5th day of March, 2025, James Turk's Motion for Leave to File Petition for Review *Nunc Pro Tunc* is GRANTED and the Unemployment Compensation Board of Review's October 18, 2023 orders are AFFIRMED.

           _____
           ANNE E. COVEY, Judge