IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa Yozwiak, : 
          Petitioner : 
    : 
    : 
      v. : 
    : 
    : 
Unemployment Compensation : 
Board of Review, :   No. 1246 C.D. 2024
          Respondent :   Submitted: December 8, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                 FILED: January 16, 2026


Lisa Yozwiak (Claimant) petitions this Court pro se for review of the Unemployment Compensation (UC) Board of Review's (UCBR) July 25, 2024 order affirming the Referee's dismissal of her appeal pursuant to Section 501(e) of the UC Law (Law).[1] The sole issue before this Court is whether the UCBR erred by dismissing Claimant's appeal as untimely. After review, this Court affirms.

On August 10, 2023, the Pennsylvania Department of Labor and Industry (Department) issued a Notice of Determination (Determination) to Claimant at her mailing address which Notice stated that she was disqualified from receiving UC benefits. In the Determination, the Department advised Claimant that it would become "final unless [Claimant] file[s] an appeal . . . [within] 21 calendar days after the determination date on the [D]etermination[.]" Certified Record (C.R.)

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

at 23.  The Determination also clearly specified that the final day for Claimant to file a timely appeal was August 31, 2023.  *See* C.R. at 22.

On March 31, 2024, Claimant appealed from the Determination to the Referee.  *See* C.R. at 36-38.  The Referee held a hearing on May 22, 2024, limited to the timeliness of Claimant's appeal, at which Claimant admitted that she did not appeal from the Determination until March 31, 2024.  *See* C.R. at 69, 71.  She added that she had received an August 10, 2023 notice of financial determination from which she appealed, and was unaware that she had to separately appeal from the Determination.  *See* C.R. at 69-70; *see also* C.R. at 36, 126.  On May 22, 2024, the Referee dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Law.  Claimant appealed to the UCBR on June 4, 2024.  On July 25, 2024, the UCBR adopted and incorporated the Referee's findings of fact and conclusions of law and affirmed the Referee's decision.[2]  Claimant appealed to this Court.[3]

Initially, Section 501(e) of the Law requires a claimant to appeal from a notice of determination "no later than [21] calendar days after the 'Determination Date' provided on such notice[.]"  43 P.S. § 821(e).

> "Failure to file a timely appeal as required by Section 501(e) of the Law is a jurisdictional defect."  *Carney v. Unemployment Comp*[.] [*Bd.*] *of Rev*[.], 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018).  "The time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence."  *Id*.  In limited circumstances, however, the [UCBR] may consider an untimely appeal *nunc pro tunc*.  To justify an exception to the appeal deadline, "[a claimant] must demonstrate that [her] delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-

---

[2] Claimant sought reconsideration, which the UCBR denied on August 19, 2024.

[3] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were supported by substantial evidence.  *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

negligent circumstances relating to [the claimant] [herself]." *Id.*

*Bashinsky v. Unemployment Comp. Bd. of Rev.*, 246 A.3d 381, 384 (Pa. Cmwlth. 2020). "Possible ignorance of the law does not excuse a party . . . from h[er] statutory obligation to file an appeal within the prescribed appeal period." *Finney v. Unemployment Comp. Bd. of Rev.*, 472 A.2d 752, 753-54 (Pa. Cmwlth. 1984).

In her brief, Claimant addresses only the merits of her disqualification from UC benefits and does not discuss her appeal's untimeliness. The UCBR asserts that by failing to argue that her appeal was timely or untimely due to extraordinary circumstances, or by failing to challenge the UCBR's findings of fact or conclusions of law related thereto, Claimant waived the issue of her appeal's untimeliness.

This Court has held that "arguments not properly developed in a brief will be deemed waived[.]" *Rapid Pallet v. Unemployment Comp. Bd. of Rev.*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998). Here, Claimant presents no argument regarding the timeliness of her appeal or her right to proceed *nunc pro tunc*. Nor does Claimant contend that the UCBR erred or abused its discretion. This Court therefore concludes that Claimant has waived those issues. Accordingly, the UCBR properly affirmed the dismissal of Claimant's appeal as untimely.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa Yozwiak, :
                Petitioner :
 :
        v. :
 :
Unemployment Compensation :
Board of Review, : No. 1246 C.D. 2024
               Respondent :

## O R D E R

AND NOW, this 16th day of January, 2026, the Unemployment Compensation Board of Review's July 25, 2024 order is affirmed.

_____
ANNE E. COVEY, Judge