# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheyann Puleo,      :
      Petitioner  :
           :
    v.      :  No. 835 C.D. 2021
           :
Unemployment Compensation  :
Board of Review,     :
      Respondent :  Submitted: February 3, 2026


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE STACY WALLACE, Judge
     HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF          FILED: March 12, 2026


    Cheyann Puleo (Claimant) petitions for review of a May 19, 2021 order of the Unemployment Compensation (UC) Board of Review (Board) affirming a decision of a Referee that dismissed Claimant's appeal from a notice of determination as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  Upon review, we find no error in the Board's conclusion that Claimant's appeal to the Referee was untimely.  Thus, we affirm.

    On July 5, 2020, Claimant filed an internet claims application seeking UC benefits.  Certified Record (C.R.) 009-017.  On October 28, 2020, the UC

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). At the time of Claimant's appeal to the Referee, Section 501(e) of the Law required claimants to file an appeal within 15 days.  Act 30 of 2021 amended Section 501(e) of the Law and extended the deadline to timely file an appeal to 21 days. The amendment was not yet effective at the time of Claimant's appeal.

Service Center issued a Notice of Determination denying Claimant's benefits under Section 402(e) of the Law (relating to willful misconduct), 43 P.S. § 802(e). *Id.* at 032-035. The Notice of Determination stated in the top right corner and under the heading "appeal instructions" that the final day to appeal was November 12, 2020. *Id.* at 033-034. The Notice of Determination also provided instructions on how to appeal by mail, fax, online, or in person at a CareerLink. *Id.* at 033-034. On November 12, 2020, at 4:10 p.m., the District Office Manager of Claimant's State Representative sent the following email to two individuals at the legislative affairs office:

> Josh or Kate:
>
> Can you please submit the ATTACHED Petition for Appeal.
> Our constituent above said that the deadline is today **11/12/2020**.
> She did not provide any other documents except for the aforementioned **Petition for Appeal.**

C.R. 041. On November 13, 2020, at 8:21 a.m., the legislative affairs office forwarded the Petition for Appeal to the UC Service Center, which accepted it that same day. *Id.* at 039-041 (stamping documents as received on November 13, 2020). A Referee held a hearing on January 25, 2021, to determine, *inter alia*, whether Claimant filed a timely appeal of the Notice of Determination. *Id.* at 049, 084-096. Following the hearing, the Referee issued a decision dismissing Claimant's appeal as untimely filed under Section 501(e) of the Law. *Id.* at 097-102. The Referee reasoned that

> [t]he [C]laimant entrusted her appeal to an employee of her state representative, not to any unemployment

2

authority, Careelink, or the United States Post Office in accordance with the instructions on the determination being appealed. That employee did not submit the appeal to the UC Authorities by the deadline. The [C]laimant's appeal is, therefore, dismissed.

*Id.* at 099. Claimant appealed to the Board, asserting that her appeal should be liberally treated as filed on November 12, 2020, because she brought the appeal to her state representative's office and that appeal was forwarded to the legislative affairs office, which is contained in the Labor & Industry Building in Harrisburg, the same location as the Board. The Board rejected Claimant's argument, explaining:

> The unemployment compensation regulations provide how an appeal may be filed. An electronically transmitted appeal is considered filed on "the receipt date recorded by the Department appeal office or the Board's electronic transmission system." In this context, the "Department appeal office" means "A Department office responsible for unemployment compensation where an appeal may be filed and accepted, according to the Department-provided instructions accompanying a determination." The determination advised an electronic appeal may be filed at www.uc.pa.gov/appeals, which would generate an email to the address the legislative affairs office used to submit the [C]laimant's appeal.

> Nowhere in the regulations is an appeal considered filed when transmitted to a state representative or somewhere in the Labor & Industry Building outside of the unemployment compensation system. Therefore, the Board is constrained to find that the [C]laimant failed to file an appeal until November 13, 2020.

C.R. 120. The Board also concluded that Claimant's late appeal was not justified *nunc pro tunc*:

> The [C]laimant did not appeal by November 12, 2020, because she did not follow the directions on how to file an appeal and relied on her representative's office to file an appeal on her behalf. When one relies on a third party to act as her agent, the negligence of that agent is imputed to her. Further, although the staffer on appeal asserts the [C]laimant never received the determination, that is inconsistent with the [C]laimant's testimony that she had the determination within the appeal period and could have filed a timely appeal if proper procedures were followed. Therefore, the [C]laimant has not justified her late appeal.

*Id.* Accordingly, the Board affirmed the Referee's decision to dismiss Claimant's appeal as untimely filed. Claimant petitioned this Court for review.

Claimant's brief contains a single sentence of argument. She asks the Court "to allow her case to be heard and not be dismissed because the appeal was submitted in a timely matter [*sic*] based on the letter and the spirit of the law and should not be considered as a court filing that was one day late." Claimant's Br. at 2. The Board responds that Claimant's brief is so deficient that her appeal should be dismissed. Alternatively, the Board argues that it correctly concluded that Claimant's action of contacting somebody outside of the Department – her state representative – was insufficient to file a timely appeal, and she has not satisfied the heavy burden of proof for *nunc pro tunc* relief. Thus, the Board alternatively asks us to affirm its order.

We address first whether the deficiencies present in Claimant's brief preclude us from conducting meaningful appellate review. As pointed out by the Board, Claimant's brief contains only a statement of jurisdiction, argument, and conclusion section. *See* Pa.R.A.P. 2111(a). The scope and standard of review, statement of questions involved, statement of the case, and summary of the argument sections are listed as headings but simply say "waived" beneath. *See id.*; Claimant's Br. at 2. We agree with the Board that these deficiencies are substantial. However,

4

we decline to dismiss or quash Claimant's appeal as the defects do not preclude us from disposing of Claimant's singular argument on appeal. *See* Pa.R.A.P. 2101 ("[I]f the defects [] in the brief [] of the appellant are substantial, the appeal or other matter may be quashed or dismissed."); *770 Ameribeer, Inc. v. Liquor Control Bd.*, 318 A.3d 998, 1004 n.6 (Pa. Cmwlth. 2024) (A brief's technical deficiencies may not warrant outright quashal of the underlying appeal if they "do[ ] not preclude this Court from discerning [an appellant's] arguments ... or from performing meaningful review of the issues on appeal[.]") (internal citation omitted).

Claimant's sole argument is that this Court should find her appeal timely based on the spirit of the Law. However, this Court has consistently explained that the failure to file a timely appeal under Section 501(e) of the Law is a jurisdictional defect. *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). This "statutory appeal period is mandatory and may not be extended as a matter of grace or indulgence." *Id.* In order to justify an exception to the appeal deadline, a Claimant bears the heavy burden of proving that her delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances relating to Claimant herself. *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018). While we are cognizant that our Supreme Court has identified the Law as a "remedial" statute warranting liberal construction, such cannot serve to overcome a jurisdictional defect. *Quigley v. Unemployment Comp. Bd. of Rev.*, 225 A.3d 914, 920 (Pa. Cmwlth. 2020). As this is the only rationale Claimant provides for her untimely appeal, she fails to meet the heavy burden of establishing fraud, a breakdown in the administrative process, or non-negligent circumstances, thus foreclosing the possibility for *nunc pro tunc* relief. *Carney*, 181 A.3d at 1288.

5

Finding no error in the Board's decision that Claimant's appeal to the Referee was untimely under Section 501(e) of the Law, we affirm the Board's order.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheyann Puleo,                          :
                Petitioner    :
                                    :
         v.                       : No.  835 C.D. 2021
                                    :
Unemployment Compensation               :
Board of Review,                        :
                Respondent  :

## O R D E R

       AND NOW, this 12th day of March 2026, the May 19, 2021 order of the Unemployment Compensation Board of Review is AFFIRMED.


                                _____
                                MATTHEW S. WOLF, Judge